Plaintiffs appeal the dismissal of defendants Mike Guarino and William Howe from *Page 984 
this action to recover damages for personal injuries. We reverse and remand.
On April 1, 1983, Gary Dannelley and his wife, Doris Dannelley, filed a multi-count complaint in the Circuit Court of Mobile County, seeking damages for personal injuries sustained by Gary Dannelley on April 14, 1982, when the aerial bucket lift in which he was working collapsed. The plaintiffs alleged that the lift was owned by the City of Mobile, and that Dannelley was working at the time of his injury as a city employee.
The complaint stated a cause of action against several named defendants, including various alleged manufacturers and suppliers of the lift or certain component lift parts; an insurance company which allegedly had a duty to perform safety inspections for the City of Mobile; the City's safety director, Porter F. Chambers; and a number of fictitious defendants, including:
 "K, L, M, N, O, P, each being a natural person, a corporation, or otherwise a sueable entity who or which owed the plaintiffs the duty to perform safety inspections of the aforesaid bucket lift and of the plaintiff Gary Lee Dannelley's use thereof and to find and to report any unreasonably dangerous defective conditions in the bucket lift and any unreasonably dangerous safety hazards in the plaintiff Gary Lee Dannelley's use thereof to certain persons who were responsible for eliminating such conditions and hazards, and who or which breached said duty by failing to find and to report the unreasonably dangerously defective condition of the bucket lift and the unreasonably dangerous safety hazard in the plaintiff Gary Lee Dannelley's use thereof and thereby injured and damaged the plaintiffs as more particularly alleged in the Complaint."
The complaint also stated a cause of action for loss of consortium on behalf of Doris Dannelley.
On May 4, 1984, the plaintiffs discovered that, prior to the time of Dannelley's injury, the lift in question had been condemned as unsafe by the City's safety director, Porter F. Chambers, and the superintendent of the City's electrical department and, thereafter, was stored for auction at the municipal garage. The municipal garage was under the supervision of William Howe, who, it was also learned, had undertaken, prior to Dannelley's injury, a program for the testing and certification of aerial lift equipment owned by the City. It was further learned that, subsequent to the condemnation, Mike Guarino, head of the Building and Grounds Department, ordered the lift back into use for his department.[1]
On July 17, 1984, the plaintiffs amended the complaint, substituting Mike Guarino for fictitious defendant "K" and, on October 31, 1984, again amended the complaint, substituting William Howe for fictitious defendant "N." Both defendants filed motions to dismiss, asserting that the claim against them was time barred. The trial court granted the motions and entered final judgment, pursuant to Rule 54 (b), Alabama Rules of Civil Procedure.[2] The plaintiffs appeal.
The plaintiffs, by amendment, added Guarino and Howe to the original suit after the one-year statute of limitations for negligence actions would have expired. Therefore, in order for the plaintiffs' claim against these defendants not to be time barred, the substitution must relate back under Rule 9 (h), A.R.Civ.P., pursuant to Rule 15 (c), A.R.Civ.P.
In Browning v. City of Gadsden, 359 So.2d 361, 363-64 (Ala. 1978), the Court observed:
 "The committee comments to the rule note that Rule 9 (h) is in the spirit of, and closely drawn from, Title 7, section 136, Code of Alabama 1940, which deals with fictitious parties, and that the case law *Page 985 
construction of this statute should be consulted in the application of the rule. Rule 9 (h) provides the following:
 "`(h) Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.'
 "This court has found that the principal area of operation of Title 7, section 136, and its statutory predecessors, is in emergency cases where neither the name nor the identity of the defendant is known, as where the cause of action is known but the party liable is not, and there is urgent need to get service of process upon the party against whom the plaintiff has an action, or there is need for immediate seizure of property. McKelvey-Coats Furniture Co. v. Doe, 240 Ala. 135, 198 So. 128
(1940); Roth v. Scruggs, 214 Ala. 32, 106 So. 182
(1925).
 "In the present case, Browning clearly knew the `name' of the City of Gadsden at the time she filed her original complaint. Therefore, the central question here is whether Rule 9 (h) permits the substitution of a named party for a fictitious one and allows the amendment doing so to relate back even if, at the time of the filing of the original complaint, the plaintiff knows the true name of the defendant but is ignorant of facts giving her a cause of action against such defendant.
 "This court recently discussed the interpretation of Rule 9 (h) in Hinton v. Hobbs, 349 So.2d 28
(Ala. 1977). Briefly stated, the pertinent facts of that case were that the trustee for the estate of Hinton brought suit against two named defendants and
 "`. . . A through Z, person, firms or corporations who withheld the truth as to facts pertinent to the transactions herein described, and whose correct names are unknown but will be furnished when ascertained. . . .'
 "After the statute of limitations had run, the trustee amended the complaint substituting the First State Bank of Tuscaloosa as a party defendant in place of fictitious defendant A. The trustee argued that Rule 9 (h) permitted the substitution and that the amendment related back to the time of the filing of the complaint even though the trustee knew the true name of the Bank at that time but lacked knowledge of facts giving him a cause of action against the Bank. This court held that the cause of action was barred by the statute of limitations because the complaint in the case showed on its face that the trustee was not ignorant of the Bank's involvement in the transactions complained of at the time of the filing of the original complaint and the amendment therefore did not relate back.
 "Contrary to the result reached in Hinton v. Hobbs, supra, a review of the record in the present case fails to show factual allegations in the original complaint which would indicate that Browning had knowledge of any facts concerning the City of Gadsden's possible involvement in her personal injury action prior to January 29, 1977. On that date, through responses given by Baptist Memorial Hospital to her interrogatories, Browning learned that the City of Gadsden might be the party responsible for the maintenance of the premises on which she was allegedly injured. Shortly thereafter, on February 8, 1977, the original complaint was amended to substitute the City of Gadsden as a party defendant. Therefore, Browning was `ignorant of the name of the opposing party' within the meaning of Rule 9 (h) at the time of the filing of the original complaint because Browning lacked knowledge of facts giving rise to a cause of action against the City of Gadsden. . . ."
In the more recent case of Columbia EngineeringInternational, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983), the Court reenunciated the criteria to be met in order to *Page 986 
invoke the relation back principles of Rules 9 (h) and 15 (c), stating:
 "Several recent cases of the Court control the disposition of this issue: Threadgill v. Birmingham Board of Education, 407 So.2d 129 (Ala. 1981); Walden v. Mineral Equipment Company, 406 So.2d 385
(Ala. 1981); Minton v. Whisenant, 402 So.2d 971
(Ala. 1981); and Fowlkes v. Liberty Mutual Insurance Company, 392 So.2d 803 (Ala. 1980). These cases collectively stand for the proposition that a plaintiff, in order to invoke the relation back principles of Rules 9 (h) and 15 (c), must meet the following criteria: 1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued.
". . . .
 ". . . We should re-emphasize, however, that Rule 9 (h) was not meant to excuse ignorance of the identity of a cause of action, but only ignorance of the name of the party against whom a cause of action is stated."
429 So.2d at 958-59, 960.
The plaintiffs contend that the substitution of Guarino and Howe complies with the requirement of Rules 9 (h) and 15 (c), and, therefore, relates back to the time of the filing of the complaint. They argue that a cause of action against the fictitious defendants was stated within the body of the complaint and that they were ignorant of the identity of those fictitious defendants, in the sense of having no knowledge at the time of the filing of the complaint sufficient to identity Guarino and Howe as parties also intended to be sued.
The defendants contend that the plaintiffs had knowledge of their names and positions of authority with the City. They argue that such knowledge implies knowledge of a potential cause of action for the negligent performance of safety inspections. We disagree.
As in Browning, supra, the record is devoid of any factual allegations which would indicate that the plaintiffs, prior to May 4, 1984, had knowledge of any facts concerning Guarino and Howe's possible involvement in their personal injury. The affidavits filed by the plaintiffs in support of their motion to reconsider, the factual statements of which were not disputed, show that the City of Mobile had a safety director vested with the responsibility of inspecting city-owned equipment, such as the life in question, and with the authority to condemn the same as potentially unsafe. The plaintiffs named Porter F. Chambers, the safety director, as an original defendant in this suit. The defendants' argument would have merit if either of them held a position with the City equivalent to that of a safety director or another position manifestly concerned with the safety inspection of city equipment so as to have put the plaintiffs on notice that they were, in fact, parties described fictitiously as having a duty to inspect the lift. The plaintiffs concede that they knew the names of Guarino and Howe and the positions which they held with the City. However, there is no evidence that the plaintiffs were aware or should have been aware at the time of the filing of the complaint that the duties of either defendant might, under certain circumstances, involve the safety inspection of city equipment.
Therefore, the criteria set forth in Columbia EngineeringInternational, Ltd., supra, having otherwise been met, we hold that the amendments to the complaint related back to the date of the original filing and, consequently, the cause of action stated against the defendants is not barred by the running of the statute of limitations.
For the foregoing reasons, the judgment is hereby reversed and the case remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] Gary Dannelley was working in the Building and Grounds Department at the time of his injury.
[2] The plaintiffs filed a motion with the trial court, which was supported by affidavits, requesting that it reconsider the dismissals. The motion was subsequently overruled. *Page 987