Plaintiff, Sue Ann Alexander, appeals from a summary judgment in favor of defendants Gerald Cannon and Mike Scott in this action to recover damages for personal injuries. We reverse and remand.
On August 26, 1985, the plaintiff filed a multi-count complaint in the Circuit Court of Lee County, seeking damages for personal injuries she sustained on September 12, 1984, when her left hand was injured in a machine owned by her employer, Dexter Lock, Inc. The complaint stated a cause of action against two named defendants, including an insurance company that allegedly had a duty to perform safety inspections for Dexter Lock; and Ken Cochran, the plaintiff's immediate supervisor. The complaint also named a number of fictitious defendants, including:
 "A, whether singular or plural, being the person, persons, corporation or corporations who are charged by law or contract with the duty of properly training Plaintiff to operate the machinery referred to in this Complaint, providing Plaintiff with safe equipment with which to work, supervising Plaintiff, and providing Plaintiff with a safe place in which to work, on September 12, 1984; B, whether singular or plural, being the person, persons, corporation, or corporations who, whether or not charged by law or contract, assumed the responsibility for providing proper training for Plaintiff, providing Plaintiff with safe equipment with which to work, supervising Plaintiff, or providing Plaintiff with a safe place in which to work on September 12, 1984; C, whether singular or plural, being the person, persons, corporation or corporations who assumed the responsibility either pursuant to contract or otherwise of making safety inspections of the Dexter Lock, Inc., plant where Plaintiff worked as of September 12, 1984; . . . E, whether singular or plural, being those entities other than specifically named herein, which are the successors in interest or the alter egos of any of the other entities described hereinabove; Defendants A thru E being otherwise unknown to Plaintiff at this time and whose true and correct names will be added by amendment when ascertained."
On November 19, 1986, the plaintiff amended the complaint, substituting Gerald Cannon and Mike Scott for fictitious defendants "A," "B," "C", and "E". Cannon and Scott filed a motion for summary judgment, asserting that the plaintiff's action against them was time barred. The trial court granted the summary judgment and made it final pursuant to Rule 54(b), Ala.R.Civ.P. The plaintiff appeals.
The plaintiff added Cannon and Scott to the original suit after the statute of limitations for negligence actions would have expired.[1] Therefore, in order for the plaintiff's action against these defendants not to be time barred, the substitutions must relate back under Rule 9(h), Ala.R.Civ.P., pursuant to Rule 15(c), Ala.R.Civ.P.
The plaintiff contends that the substitutions of Cannon and Scott comply with the requirement of Rules 9(h) and 15(c), and, therefore, relate back to the time of the filing of the complaint. She argues that a cause of action against the fictitious defendants was stated within the body of the complaint and that she was ignorant of the identity of those fictitious defendants, in the sense of not having knowledge at the time of the filing of the complaint sufficient to identify Cannon and Scott as parties also intended to be sued.
The defendants contend that the plaintiff had knowledge of their names and positions of authority with Dexter Lock. They argue that she had sufficient knowledge on the date of her injury of a potential cause of action against them. We disagree. *Page 953 
The defendants submitted the plaintiff's deposition testimony in support of their motion for summary judgment. A careful reading of that testimony reveals to us that, until the plaintiff took the depositions of Kenneth Cochran and Jimmy F. Allen, Jr., she basically knew only the defendants' names and that they held positions of authority at Dexter Lock. The plaintiff submitted her affidavit and the affidavit of her lawyer in opposition to the defendants' motion. The plaintiff's affidavit, in pertinent part, reads as follows:
 "1. On September 12, 1984, I sustained the injuries referred to and set forth in the Complaint which I have heretofore filed in this case.
 "2. At the time of my injury, I knew Mr. Gerald Cannon and Mr. Mike Scott by name. I knew that Mike Scott was an employee of Dexter Lock, but I did not know his title, his job description or any of his duties. I did not have knowledge of any facts which would give me cause to think or suspect that Mike Scott owed me a personal duty upon which liability could be predicated.
 "3. At the time of my injury, I knew that Gerald Cannon held a high managerial position with Dexter Lock. This is all I knew of Mr. Cannon's job or position. I did not know his job title, his job description, or any of his duties or responsibilities with Dexter Lock other than that he held a high managerial position.
 "4. On October 15, 1986, my attorney in this case, John I. Cottle III, took the depositions of Mr. Jimmy F. Allen, Jr., and Mr. Kenneth W. Cochran. Mr. Allen is the present Human Resource Manager or Personnel Manager at Dexter Lock. He was not an employee of Dexter Lock at the time of my injury. Mr. Cochran is currently an employee of Dexter Lock and was my immediate supervisor with Dexter Lock at the time of my injury.
 "5. At the time of the taking of these depositions, I learned the following facts for the first time:
 "a. That Mike Scott was the immediate supervisor of Ken Cochran;
"b. That Mike Scott answered to Gerald Cannon;
 "c. That Mike Scott has been present when the machine upon which I was injured was operating and that he knew basically how the machine worked;
 "d. That Mike Scott and Gerald Cannon were in a position to authorize changes in the machine which would have made the machine safe to operate and would have, if made, prevented my injury;
 "e. That Mike Scott was the Vice President in charge of manufacturing and that, as such, he had a duty to maintain the machinery and equipment at the plant in a reasonably safe condition;
 "f. That Mike Scott's duties included being responsible for any problems related to safety in which a capital expenditure was required;
 "g. That both Gerald Cannon and Mike Scott were generally familiar with all of the machinery and equipment in the plant; and
 "h. That Mike Scott and Ken Cochran had the authority to dictate the manner in which the machine upon which I was injured was to be used and that they were the only people in the Dexter Lock plant at the time of my injury who had such authority.
 "I learned all of the above facts for the first time at the depositions of Mr. Allen and Mr. Cochran. I was unaware of any of the above stated facts prior to that time."
Her lawyer's affidavit, in pertinent part, states:
 "1. That I am the attorney of record for Sue Ann Alexander in the case of Alexander v. Employer's Insurance of Wausau now pending in the Circuit Court of Lee County, Case Number CV-85-244.
 "2. That I discussed the facts of the aforementioned case thoroughly with my client, Sue Ann Alexander, before filing suit in this matter and before amending each party defendant [sic]. *Page 954 
 "3. That, prior to October 15, 1986, the date upon which I took the depositions of Jimmy F. Allen, Jr., and Kenneth W. Cochran, I had no reason whatsoever to believe that Gerald Cannon and Mike Scott had any possible involvement in the personal injury of Sue Ann Alexander. Based upon the facts related to me by my client, Sue Ann Alexander, and based upon my own investigation of the case, neither she nor I had knowledge of any facts which would cause us to suspect that Gerald Cannon or Mike Scott were in any way responsible for her injuries, until October 15, 1986. After the taking of the depositions of Jimmy F. Allen, Jr., and Kenneth W. Cochran, I learned the following facts: Mike Scott was the Vice President in charge of manufacturing at Dexter Lock at the time of the Plaintiff's injury; Gerald Cannon was the President of Dexter Lock at the time of the Plaintiff's injury; both Scott and Cannon were in a position on September 12, 1984, to authorize changes in the machine which injured Plaintiff which would have rendered the machine safe to operate; on September 12, 1984, both Mike Scott and Gerald Cannon had authority to dictate how the machine which injured Plaintiff was to be operated, and thus could have directed that the machine be operated in a manner such that it would not have been dangerous to Plaintiff; Scott and Cannon apparently were the only people at Dexter Lock who had this authority; Mike Scott was Ken Cochran's immediate supervisor; Mike Scott and Gerald Cannon were generally familiar with how the machine which injured Plaintiff operated; Mike Scott was directly responsible to Gerald Cannon and Gerald Cannon was Mike Scott's immediate supervisor; Gerald Cannon and Mike Scott had assumed certain duties regarding plant safety and were in a position to have rendered the plant machinery safe and thus prevented Plaintiff's injury.
 "All of these facts were discovered by me and my client for the first time on October 15, 1986, and I had no knowledge of any of these facts prior to that time. Based on my professional judgment as an attorney, it would have been frivolous for me to have filed an action against Scott or Cannon prior to obtaining knowledge of the foregoing facts, and such action would have exposed both me and my client to the possibility of countersuits for malicious prosecution.
 "After obtaining knowledge of the information discovered in the depositions of Allen and Cochran, I interviewed a number of witnesses by telephone and performed follow up legal research. I then promptly amended the Complaint so as to substitute Cannon and Scott for the fictitious parties named in the original Complaint. At the time I filed the Complaint and up to October 15, 1986, I had no idea whatsoever that Cannon and Scott were potential defendants in this action. To the best of my knowledge, information and belief, my client had no such knowledge."
In Welch v. Jones, 470 So.2d 1103, 1110 (Ala. 1985), the Court, quoting the special concurring opinion of Justice Jones in Fireman's Fund American Ins. Co. v. Coleman, 394 So.2d 334,347 (Ala. 1980), stated:
 " 'Liability of a co-employee must be predicated upon the breach of a personal duty owed to the injured employee and not upon general administrative responsibilities of the third-party co-employee defendant. It is insufficient, for example, to merely allege and prove a generalized duty of a co-employee to provide the injured employee with a reasonably safe place to work. An employee is not liable for injuries to another employee because of the failure of the employer to furnish a safe place to work or suitable appliances or instrumentalities. 57 C.J.S. Master and Servant
§ 578 n. 33, and accompanying text at 350.
 " 'The burden is upon the injured party to prove with specificity the defendant's delegated or assumed duty and its breach for which recovery is sought. The position he occupies, without more, *Page 955 
cannot serve as a basis for a co-employee's liability.' "[2]
(Emphasis in Fireman's Fund.)
Our review of the record indicates that until the plaintiff took the depositions of Kenneth Cochran and Jimmy Allen, she basically knew only the names of Scott and Cannon and that they held positions of authority at Dexter Lock.[3] We have held, under similar facts, that such limited knowledge is insufficient to import knowledge of a potential cause of action, see Dannelleyv. Guarino, 472 So.2d 983 (Ala. 1985). The plaintiff's deposition testimony does show that she had knowledge of a generalized duty on the part of Cannon and Scott to provide all of the employees of Dexter Lock with a reasonably safe place to work. This knowledge, however, was insufficient to require the plaintiff to name them as defendants prior to October 15, 1986.Welch v. Jones, supra. Rule 9(h) was not intended to excuse ignorance of the identity of a cause of action, but it was intended to excuse ignorance of the name of the party against whom a cause of action is stated. Dannelley v. Guarino at 986. The plaintiff did not have sufficient information until October 15, 1986, when she took the depositions of Kenneth Cochran and Jimmy Allen, to know that Cannon and Scott might be liable for her injuries.
Because the plaintiff stated a cause of action against the fictitious parties in the body of her complaint and because she had no knowledge until October 15, 1986, that Cannon and Scott were, in fact, parties intended to be sued, we hold that the amendment to the complaint related back to the date of the original filing and, consequently, that the cause of action stated against Cannon and Scott is not barred by the statute of limitations.
For the foregoing reasons, the judgment is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] Section 6-2-39(a)(5), prior to its repeal by 1984-85 Ala. Acts No. 85-39, effective January 9, 1985, provided a one-year statute of limitations for actions "for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section." The January 9, 1985, amendment repealed § 6-2-39, the traditional one-year statute. Those actions covered by that statute were transferred to §6-2-38, the traditional two-year statute. See Lovell v. Acrea,500 So.2d 1082 (Ala. 1986).
[2] But see Reed v. Brunson, 527 So.2d 102 (Ala. 1988), in which this Court recently upheld the statutory grant of immunity to co-employees from suits arising out of their negligent or wanton acts.
[3] The plaintiff's deposition testimony does indicate that she was aware that Cannon was the plant's manager.