This is a legal malpractice action. On May 14, 1990, Charles L. Pearce and his wife, Jolyn W. Pearce, filed a complaint in Madison Circuit Court against James B. Schrimsher, a practicing attorney in Huntsville, Alabama, alleging that they had incurred damages by closing a real estate transaction in reliance on an erroneous title opinion that had been provided to them by Schrimsher. The trial court dismissed the complaint on the ground that the Pearces' claim was barred by the statute of limitations set out in Ala. Code 1975, § 6-5-574 (part of the Alabama Legal Services Liability Act, Ala. Code 1975, § 6-5-570
et seq., referred to hereinafter as "the Act"). The Pearces appealed.
The standard of review applicable to motions to dismiss is well settled:
 "It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 "Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, *Page 254 
we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258
(Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982)."
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985). (Emphasis in original.)
The Pearces' action was commenced on May 14, 1990, almost five years after July 3, 1985, the date on which the transaction was allegedly closed and their cause of action would have accrued, and more than two years after April 12, 1988, the effective date of the Act; therefore, it is time-barred under § 6-5-574. See Michael v. Beasley,282 So.2d 245 (Ala. 1991). Accordingly, the dismissal of the Pearces' complaint was proper.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.