[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1342 
On June 23, 1988, Gerald Woodruff and Jack Wallach sued Leighton Avenue Office Plaza, Ltd., an Alabama limited partnership ("the partnership"), Julian Jenkins, William Davis, and Ian McKenzie, seeking to recover damages for breach of contract, breach of fiduciary duty, fraud, and conversion. Jenkins, Davis, and the partnership were served with the complaint on June 29, 1988. Woodruff and Wallach alleged that the partnership had been formed by Gulf General Corporation, as the general partner, and McKenzie, as the sole limited partner; that Davis was the president of Gulf General Corporation when the partnership was formed; that Jenkins and Davis had later become limited partners in the partnership; that they (Woodruff and Wallach) had purchased limited partnership interests in the partnership, but that the certificate of limited partnership recorded in the probate court had never been amended to reflect their interests; and that on June 30, 1986, the sole asset of the partnership, an office building in Anniston, Alabama, known as "The Landmark," had been sold without their consent, in violation of the terms set out in the certificate of limited partnership. These allegations appear to be supported by the record.
On May 11, 1989, Davis filed a third-party complaint against James Campbell, the partnership's attorney, alleging negligence in connection with his handling of the partnership's business (i.e., in closing the sale of the office building in violation of the terms set out in the certificate of limited partnership). On December 28, 1989, Woodruff and Wallach amended their complaint to state claims against Campbell alleging negligence, breach of fiduciary duty, and fraud, in connection with his handling of the sale of the office building, and to state conspiracy to defraud claims against Campbell, Jenkins, Davis, and McKenzie. On February 20, 1990, the partnership and Jenkins filed a "third-party" complaint against Campbell, alleging negligence and breach of contract in connection with his handling of the sale of the office building. On September 4, 1990, the partnership and Jenkins filed a cross-claim against Campbell, making substantially the same allegations therein that they had made in their February 20 "third-party" complaint.
The trial court entered a summary judgment for Campbell on the ground that all of the claims against him were barred by the statute of limitations set out in Ala. Code 1975, § 6-5-574
(part of the Alabama Legal Services Liability Act, § 6-5-570 et seq.). The judgment was made final under Rule 54(b), A.R.Civ.P., and Woodruff, Wallach, Jenkins, Davis, and the partnership appealed.[1] We affirm in part, reverse in part, and remand.
Summary judgment was proper in this case if there was no genuine issue of material fact and Campbell was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Campbell to make a prima facie showing that no genuine issue of material fact existed and that he was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Woodruff, Wallach, Jenkins, Davis, and the partnership to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against them. In determining whether there was a genuine issue of material fact, we must view the evidence in the light most favorable to Woodruff, Wallach, Jenkins, Davis, and the partnership and must resolve all reasonable doubts against *Page 1343 
Campbell. Knight v. Alabama Power Co., 580 So.2d 576
(Ala. 1991). Because this case was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The applicable statute of limitations in this case is §6-5-574, supra. See Michael v. Beasley, 583 So.2d 245
(Ala. 1991). See, also, Pearce v. Schrimsher, 583 So.2d 253
(Ala. 1991). It provides as follows:
 "(a) All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date.
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitations for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30 and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his or her eighth birthday to commence such action."
Unless tolled by the existence of an undiscovered cause of action, the two-year limitations period set out in § 6-5-574(a) begins to run on the date the cause of action accrues (i.e., when a person sustains damages upon which an action can be maintained). Michael v. Beasley, supra. The record shows that the office building in question was sold on June 30, 1986. Thus, it was on that date that Woodruff and Wallach's causes of action against Campbell accrued, for it was on that date that they first incurred damages upon which they could base legal claims against Campbell. Likewise, the record shows that Woodruff and Wallach filed their complaint against Jenkins, Davis, and the partnership on June 23, 1988. Thus, it was on that date that causes of action for Jenkins, Davis, and the partnership accrued against Campbell, for it was on that date that Woodruff and Wallach's claims against them, which included claims for fraud, were filed for public record in the county courthouse. Although they were not aware of Woodruff and Wallach's claims and, therefore, were not legally obligated to defend against them until June 29, 1988, when they were served with the complaint, Jenkins, Davis, and the partnership were damaged, at least nominally, upon the filing of the complaint against them.
Therefore, because Woodruff and Wallach filed their claims against Campbell on December 28, 1989, more than two years after their causes of action against him had accrued, Woodruff and Wallach's claims were barred as a matter of law unless, as they contend, a fact question existed as to whether the running of the statutory period of limitations was tolled. Specifically, they argue that it was tolled by a lack of knowledge on their part that Campbell was aware of their interests in the partnership at the time he closed the sale of the office building, and they claim that they timely filed their suit upon discovering Campbell's role in the sale. Jenkins, Davis, and the partnership also argue that their claims against Campbell were timely filed. *Page 1344 
Woodruff and Wallach sought to recover damages from Campbell under theories of negligence, breach of fiduciary duty, fraud, and conspiracy to defraud. The record shows that on January 18, 1989, Woodruff and Wallach filed a motion for partial summary judgment against Jenkins, Davis, McKenzie, and the partnership and that on March 14, 1989, they filed the following exhibit, which purports to be an unsigned letter from Campbell to Jenkins dated June 19, 1986, in support of that motion:
 "I have reviewed my file in regard to this matter, and also checked the records at the Courthouse to see if you had filed the Amendment to the Certificate of Limited Partnership which I prepared back in March. I've enclosed a copy of that document for your reference. I don't know what happened to this but I sent it along with all of the other papers that were signed when you consummated your transaction with Bill Davis. THIS DOCUMENT NEEDS TO BE SIGNED AND FILED FOR RECORD IN THE CALHOUN COUNTY PROBATE OFFICE. Right now, the records show that Gulf General Corporation is still the general partner and, as we all know, it is no longer an entity since we dissolved it. We also need the signatures of at least 75% of the limited partnership interest; which means that you must get Gerald Woodruff's signature on this. I don't think Jack Wallach's would be necessary under the terms of the partnership agreement, but I think you're going to need to give him notice of the change. THIS HAS TO BE DONE BEFORE WE CAN EFFECTUATE TRANSFER TO BROOKS AND HIS PARTNERS [purchasers of the office building].
 "If you have the original of this document, go ahead and get it signed and get it to me for recording. If you don't, let me know and I'll draft another one." This document indicates that Campbell was aware, at least on June 19, 1986, that Woodruff and Wallach had interests in the partnership. Accordingly, Woodruff and Wallach had sufficient evidence, at least on March 14, 1989, to put them on notice that Campbell was a potential defendant. Thus, even assuming that the running of the statute was initially tolled by a lack of knowledge on the part of Woodruff and Wallach, their claims of negligence and breach of fiduciary duty against Campbell were barred under § 6-5-574(a), because they were filed on December 28, 1989, more than six months after March 14, 1989.[2]
The "saving provision" applicable in fraud actions generally, Ala. Code 1975, § 6-2-3, is also, under §6-5-574(b), applicable in legal malpractice actions based on allegations of fraud. Section 6-2-3 provides:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."
Thus, under § 6-5-574(b), a legal malpractice action based on allegations of fraud must be commenced within two years after the discovery by the aggrieved party of the fact constituting the fraud; provided, however, that no action may be commenced more than four years after the act or acts constituting the fraud. The burden is on the plaintiff to show that he comes within the § 6-2-3 tolling provision. Lowe v. East End MemorialHospital, 477 So.2d 339 (Ala. 1985); Russell v. Maxwell,387 So.2d 156 (Ala. 1980); Amason v. First State Bank of Lineville,369 So.2d 547 (Ala. 1979). *Page 1345 
As previously noted, Woodruff and Wallach filed their fraud claims against Campbell on December 28, 1989, more than two years after their causes of action had accrued. However, after carefully reviewing the record in this case, including Woodruff and Wallach's depositions[3] and affidavits, we have found no evidence tending to support Woodruff and Wallach's assertions in their briefs that they come within the § 6-2-3
tolling provision (i.e., we have found no evidence tending to establish the period of time, if there was such a period, during which Woodruff and Wallach lacked knowledge that Campbell was aware of their interests in the partnership at the time he closed the sale of the office building). Without evidence of this nature, the question of the applicability of the § 6-2-3 tolling provision cannot be determined in this case. Consequently, because Woodruff and Wallach did not present evidence tending to show that the tolling provision was applicable, we must conclude that Campbell was entitled to a judgment as a matter of law with respect to their fraud claims.[4]
As previously noted, Davis's cause of action against Campbell accrued on June 23, 1988, the date on which Woodruff and Wallach filed suit against Davis. Therefore, Davis's claim, which was filed on May 11, 1989, was timely under § 6-5-574(a). Likewise, the partnership and Jenkins's causes of action also accrued on June 23, 1988, the date on which Woodruff and Wallach filed suit against them. Accordingly, their claims against Campbell, which were filed initially on February 20, 1990, were within the time allowed by §6-5-574(a).
Therefore, as to Woodruff and Wallach's claims of negligence, breach of fiduciary duty, and fraud, the summary judgment for Campbell was proper and is due to be affirmed. However, as to the claims of Davis, Jenkins, and the partnership, the summary judgment was improper and, accordingly, is due to be reversed.
For the foregoing reasons, the judgment is affirmed in part and reversed in part and the case is remanded for further proceedings consistent with this opinion.
MOTION TO DISMISS DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
[1] The appeals have been consolidated for disposition. McKenzie did not appeal.
[2] Wallach testified in his deposition that he contacted Jenkins shortly after learning of the sale of the office building. He stated that Jenkins told him that the transaction had been closed on the advice of Campbell. Wallach further testified that he then telephoned Campbell and complained about the way in which the sale had been handled and that Campbell told him that he had forgotten about the provision in the certificate of limited partnership requiring that the sale be approved by 75% of the limited partners. This testimony shows that Wallach probably had sufficient information shortly after the sale of the office building in 1986 to put him on notice that he had a potential negligence claim against Campbell.
[3] These depositions were not initially certified to us for review on these appeals. We received them only after extending a request through the clerk of this Court.
[4] We note that Woodruff and Wallach contend that all of their claims against Campbell were timely because, they argue, the addition of Campbell as a defendant related back to the time of the filing of their original complaint, under Rule 9(h), A.R.Civ.P., pursuant to Rule 15(c), A.R.Civ.P. However, Woodruff and Wallach did not state a cause of action in their original complaint for legal malpractice against a fictitious defendant. In fact, Woodruff and Wallach insist that they did not know until shortly before they amended their complaint to add Campbell that they had a cause of action for legal malpractice. Although Rule 9(h) was intended to excuse ignorance of the name of the party against whom a cause of action is stated, it was not intended to excuse ignorance of the identity of a cause of action. The doctrine of relation back is not applicable in this case. Alexander v. Scott,529 So.2d 951 (Ala. 1988); Dannelley v. Guarino, 472 So.2d 983
(Ala. 1985).