HOUSTON, Justice.
The plaintiff, Patricia Thomas, appeals pro se from a summary judgment for Drs. William C. Gibson and Andrew Brown and from the dismissal of her complaint against Dr. Etta Lovitt and Baptist Medical Center-DeKalb (“the hospital”). We affirm.
Initially, we note that Thomas’s pleadings, as well as her brief on appeal, are basically unintelligible. Having carefully *998 reviewed the record, we conclude that Thomas attempted to state medical negligence claims against Drs. Gibson, Brown, and Lovitt, as well as a fraud claim against the hospital. Thomas’s complaint reads, in pertinent part, as follows:
“3. In terms of a general contract between physician and patient it is my belief that said defendants [Drs. Lovitt and Brown] breached the general contract by failing to correspond to adequate standards concerning the terms of the agreement.
“A. Physician A, Etta Lovitt, failed: 1) to fully treat 2) correct or 3) prescribe medication for the malady described in plaintiffs record. Physician A refused X-rays upon suggestion and advised plaintiff to follow-up with private MD or ER the next day during radiology hours of 8-4 for recheck or re-evaluation.
“B. By following physician’s advice, the next day plaintiff had a follow-up with physician B, Andrew Brown, in accompaniment with attendant. Physician B also failed: 1) to treat 2) correct 3) advise or 4) prescribe medication for same malady.
“4. Therefore, plaintiff alleges that defendants A and B only prolonged pain and suffering. Without remedy of previous prescription or over-the-counter medication, plaintiff strongly suggests that defendant A or B be compelled to X-ray said plaintiff after refusing in order to discover any further physical damages done to render relief satisfactory to the plaintiff.
[[Image here]]
“1. On or about the 20th day of October, plaintiff was a passenger in an automobile accident and was transferred to DeKalb Baptist Medical Center via hospital ambulance.
“2. As a result, plaintiff suffered fractures in the pelvis due to the automobile accident. In addition, the plaintiff was admitted to hospital and released the next afternoon.
“3. Recently, plaintiff discovered surgery had been performed via cautery in the nasal conchae and believes the auto-graft was used to replace the tympanic membrane. The plaintiff also believes surgery was performed on the eye and/or its vicinity leaving a foreign object lodged behind the eye.
“4. Therefore, the representations made by defendant, Baptist Medical Center, in whole or in part were false whether defendant was cognizant of the true facts or not, the defendant recklessly misrepresented them and constitutes a basis for fraud on behalf of the defendant.
“Wherefore, plaintiff demands judgment against defendant in the sum of $1,000,000 and costs.
[[Image here]]
“3. Plaintiff alleges that defendant, William C. Gibson, treated plaintiff on January 1, 1992, to the extent of computing symptoms and having blood tests taken. Plaintiff was prescribed medication. In the meantime, defendant, William C. Gibson, should have received a copy of the ER record compiled by physician, Etta Lovitt, on February 7, 1992. In addition, plaintiff went back to defendant, William C. Gibson, on March 11, 1992, to request X-rays; defendant adamantly refused.
“Therefore, plaintiff requests that defendant give consent for X-rays after refusing to treat or correct malady to render relief satisfactory.”
As shown, Thomas alleged that the defendant doctors had negligently treated her for a “malady described in [her] record.” According to the parties’ briefs, Thomas’s reference to a “malady” is based on her apparent belief that a surgical procedure was performed on her in 1986 and that a foreign object was left inside her head during that procedure.[1] Thomas did not allege that any of the doctors named in her corn- *999 plaint had performed surgery on her in 1986. Nor did she allege that any of the defendant doctors had actually done anything to cause her any harm. As we read her complaint, Thomas simply alleged that the defendant doctors had been negligent in not X-raying her head. In fact, the only relief that Thomas sought with respect to the defendant doctors was a court order requiring one of them to perform that procedure.
After reviewing the record, we agree with the trial court’s disposition of Thomas’s claims. Drs. Gibson and Brown submitted their own affidavits in support of their motions for summary judgment. They stated in their affidavits that they did not deviate from the appropriate standard of care in treating Thomas. Thomas submitted no evidence to the contrary. Thus, Drs. Gibson and Brown were entitled to a judgment as a matter of law on Thomas’s claims alleging medical negligence; therefore, the summary judgment in their favor was proper. Rule 56, Ala.R.Civ.P.
The record also shows that Thomas failed to state a claim against Dr. Lovitt upon which any relief could be granted. Thomas did not allege that Dr. Lovitt had done anything to cause her any harm, and, even construing Thomas’s complaint liberally, in accordance with Rule 8(f), Ala. R.Civ.P., see Pearce v. Schrimsher, 583 So.2d 253 (Ala.1991), we fail to see how Thomas could prove any set of facts that would entitle her to a court-ordered X-ray.
Finally, Thomas’s fraud claim against the hospital and Dr. Lovitt was also properly dismissed. Although under modern rules of civil practice the pleadings generally need only to put the defending party on notice of the claims against him, Rule 9(b) is an exception to the rule set out in Rule 8(a) permitting generalized pleadings. “ ‘The pleading must show time, place, and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained.’ ” Miller v. Mobile County Board of Health, 409 So.2d 420, 422 (Ala. 1981), quoting the committee comments to Rule 9(b). Thomas’s allegations, which failed to inform the hospital of the nature of the alleged misrepresentations, or of the time or place that any misrepresentations might have been made, failed to meet the requirements of Rule 9(b).
Therefore, the summary judgment for Drs. Gibson and Brown and the dismissal of Thomas’s complaint against Dr. Lovitt and the hospital are due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ„ concur.

. We note that medical records included in the record indicate that no surgical procedure was performed on Thomas.