I respectfully dissent. The majority holds that the trial court properly entered the summary judgment for the defendants, Dr. Wenzel and Pathology Laboratory Associates, P.A., on the basis of § 6-5-482, Ala. Code 1975. I disagree.
After Dr. Green performed the biopsy, he removed and forwarded tissue to be examined by Board-certified pathologist Dr. Wenzel, with Pathology Laboratory Associates. Dr. Wenzel reported that he found no tumor in the tissue he examined. Shortly thereafter, the plaintiff was diagnosed with cancer. On March 10, 1995, the plaintiff, acting pro se, instituted this action against Dr. Green, W. Rodgers Green, P.C., and certain fictitiously named parties. The plaintiff retained her present counsel six months after the initial filing of the lawsuit.
The dispositive issue presented on appeal is whether the trial court erred in holding that the plaintiff's claim alleging medical negligence does not relate back to the date of the original complaint and therefore is barred by the statute of limitations.
Dr. Green is a Board-certified surgeon with over 20 years' experience, and a major portion of his practice involves dealing with breast cancer. Dr. Green testified by deposition that he removed tissue from the plaintiff's breast and submitted the "entire specimen for microscopic examination." The affidavits of the plaintiff and her counsel establish that they believed and relied upon Dr. Green's sworn testimony indicating that there was no cancer in the tissue he removed. Subsequently, and to the plaintiff's surprise, Dr. Green contradicted his deposition testimony by amending his answers to interrogatories — more than four years after the initial malpractice is alleged to have occurred — to state that the recuts of the tissue he removed on March 12, 1993, revealed that the tissue was cancerous. Consequently, the plaintiff arranged for the deposition testimony of the pathologist and moved for permission to amend her complaint to substitute the pathologist, Dr. Wenzel, and his group, Pathology Laboratory Associates.
It is undisputed that the identity of Dr. Wenzel and that of Pathology Laboratory Associates were known to the plaintiff and her attorney before the expiration of statutory limitations period. The defendants, relying on § 6-5-482(b), argue that the plaintiff's medical-negligence claims against Dr. Wenzel and Pathology Laboratory Associates are absolutely barred by this statute of repose because those claims were added "more than four years after the act, omission, or failure complained of." In Eddings v. Volkswagenwerk, A.G., 835 F.2d 1369, 1372 n. 2 (11th Cir. 1988), the court wrote that "[a] statute of repose `. . . does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever existing.'" (Quoting Rosenberg v. Town of North Bergen, 61 N.J. 190, 191, 293 A.2d 662,667 (1972)). I agree with the Eleventh Circuit; thus, I feel that the doctrine of relation-back is applicable in this case.
The plaintiff, in stating her claims against Dr. Wenzel and Pathology Laboratory Associates, is not proceeding on a new cause of action that she had not asserted before the expiration of the statutory limitations period. She is specifically identifying parties whose identities she was ignorant of when she filed her original complaint, but whom she described fictitiously in the body of her original complaint. When she filed her original complaint, the plaintiff did not know, and could not have determined through the exercise of reasonable diligence, that Dr. Wenzel was a party that should be sued. The plaintiff is now attempting to substitute Dr. Wenzel for a fictitiously named defendant against whom she stated a *Page 992 
cause of action in the original complaint. Consequently, the plaintiff has complied with the relation-back principles of Ala.R.Civ.P. 9(h) and 15(b), under which she must meet these criteria:
 "(1) [T]he plaintiff must state a cause of action against the fictitiously named party in the body of the original complaint, and (2) the plaintiff must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was, in fact, the party intended to be sued."
Clay v. Walden Joint Venture, 611 So.2d 254, 255 (Ala. 1992).
As to the issue whether when she filed her original complaint the plaintiff knew, or should have known, or was on notice, that the later-substituted defendants were in fact the parties described fictitiously, the plaintiff cites Dannelley v. Guarino,472 So.2d 983 (Ala. 1985). The plaintiffs in Dannelley were positioned as the plaintiff in this present case is: They knew the names of the defendants and the positions they held with the city at the time of the initial filing, but they were not aware when they filed their original complaint that the duties of the defendants might, under certain circumstances, involve safety inspection. Similarly, in Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978), the plaintiff knew the true name of the city, but she did not know that the city was responsible for maintenance of the sidewalk on which she had been injured; thus she was "ignorant of the name of [the] opposing party," within the meaning of that phrase in Rule 9(h), Ala.R.Civ.P., the rule permitting designation of parties by fictitious names.
Marsh, the plaintiff in the instant case, attempted to determine who was responsible for her injuries, but the medical records provided by the pathologist, as well as the defendant surgeon's testimony, provided misinformation to her and her attorney. She argues that her case is not like Clay v. Walden Joint Venture, 611 So.2d 254, 255 (Ala. 1992), because she had no actual or constructive knowledge of the pathologist's error. Dr. Wenzel had represented to the plaintiff that he had microscopically examined the entire specimen and had found the tissue to be benign.
The defendants also argue that the plaintiff did not exercise due diligence in learning the correct names of the fictitious parties. The defendants further argue that the plaintiff should not be afforded the benefit of relation-back principles to avoid the consequences of her failing to timely identify, and investigate the involvement of, Dr. Wenzel and Pathology Laboratory Associates, because, the defendants say, their identities were clearly documented in the plaintiff's medical records. Even if the plaintiff had known who Dr. Wenzel was, evidence did not exist before April 1997 that would form a basis for her to sue Dr. Wenzel. None of the slides that were in existence contained any cancer. Every expert who reviewed the slides and the recuts agreed with Dr. Wenzel's report. The plaintiff argues that, given these facts and given the prohibition against suing a health-care provider without substantial evidence, her counsel acted in a reasonably diligent manner and her amended complaint should relate back to the date she filed her original complaint.
Based on the foregoing, I would reverse the summary judgment for the defendants Dr. Wenzel and Pathology Laboratory Associates.
Almon, J., concurs. *Page 993