The plaintiff, Susie Roberts, appeals from a summary judgment in favor of the defendant, Rosemary Cochran, in this action to recover damages for personal injuries sustained *Page 354 
in an automobile accident. We reverse and remand.
At approximately 8:00 p.m. on November 24, 1990, Roberts was riding as a passenger in the backseat of an automobile being driven by Cochran. Cochran suddenly stopped to avoid hitting another vehicle that had entered her lane of traffic. Immediately thereafter, a truck being driven by Timothy Fields and owned by Foster's Wrecker Service struck Cochran's automobile from behind. The driver of the vehicle that had entered Cochran's lane of traffic was never identified. Roberts filed her complaint on November 24, 1992, stating causes of action against State Farm Mutual Automobile Insurance Company, Inc., seeking uninsured/underinsured motorist benefits; against Fields and Foster's Wrecker Service, seeking damages based on allegations of negligence and wantonness; and against a number of fictitious defendants, including one described as "that person who . . . permitted, caused, or allowed a vehicle to collide with the vehicle occupied by Susie Roberts." Roberts alleged that this fictitious defendant had negligently or wantonly caused her injuries.
After having difficulty in locating Fields and serving him with the complaint, Roberts took Fields's deposition on November 19, 1993. Fields testified during his deposition that he had observed the rear of Cochran's automobile "dip down" immediately before her automobile came to an abrupt stop and that the brake lights on her automobile had not come on. Concluding from this information that Cochran had applied her emergency brake, instead of her regular brakes, and that she had a cause of action against Cochran for willfulness or wantonness in applying the emergency brake, Roberts amended her complaint on December 10, 1993, by substituting Cochran for the fictitious defendant described above and alleging that Cochran had willfully or wantonly caused her injuries.[1] The trial court ruled that Roberts's claims against Cochran were barred by the statute of limitations; it then entered a summary judgment for Cochran and certified the judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P.
Roberts, by amendment, added Cochran to the action after the two-year statutory limitations period for personal injury actions based on allegations of willful or wanton conduct would have expired. See Ala. Code 1975, § 6-2-38. Therefore, in order for Roberts's wantonness claim against Cochran not to be time-barred, the substitution must relate back under Rule 9(h), Ala.R.Civ.P., pursuant to Rule 15(c), Ala.R.Civ.P.[2]
Roberts contends that her substitution of Cochran complied with the requirement of Rules 9(h) and 15(c), and, therefore, that it relates back to the time of the filing of the complaint. She argues that she stated a cause of action against the fictitious defendant within the body of her complaint and that when she filed her complaint she was ignorant of the identity of that fictitious defendant, in the sense of not having knowledge at that time sufficient to identify Cochran as a party that she also should sue.
Cochran points out that Roberts knew Cochran was driving the automobile at the time of the accident. She argues that because of this, Roberts had on the date of her injury sufficient knowledge to believe that she had a cause of action against her. Alternatively, Cochran argues that Roberts failed to exercise due diligence in identifying her as a party intended to be sued and, therefore, that Roberts's amendment was untimely. See Jones v. Resorcon, Inc., 604 So.2d 370 (Ala. 1992). We disagree.
Our review of the record indicates that until Roberts took Fields's deposition, she basically knew only that Cochran had been driving the automobile at the time of the accident and that Cochran had suddenly stopped the automobile in order to avoid hitting another vehicle. This limited knowledge *Page 355 
was insufficient for Roberts to believe that she had a cause of action against Cochran. See Alexander v. Scott, 529 So.2d 951
(Ala. 1988); and Dannelley v. Guarino, 472 So.2d 983 (Ala. 1985), wherein this Court explained that Rule 9(h) permits the substitution of a named party for a fictitious one and allows the substituting amendment to relate back even if, at the time of the filing of the original complaint, the plaintiff knew the true name of the defendant but was ignorant of the facts giving her a cause of action against that defendant. Although Roberts was aware that Cochran had a duty to operate her automobile so as not to willfully or wantonly injure her, this knowledge, without additional information suggesting a breach of that duty, was insufficient to require Roberts to name Cochran as a defendant before November 19, 1993, when she learned during Fields's deposition that Cochran might have applied her emergency brake instead of her regular brakes. Rule 9(h) was not intended to excuse ignorance of the fact of a cause of action, but it was intended to excuse ignorance of the name of the party against whom a cause of action is stated. Roberts had no information before November 19, 1993, that would have indicated that she had a cause of action against Cochran, and it is the public policy of this state that civil actions are not to be commenced without "substantial justification." See Ala. Code 1975, § 12-19-270 et seq. ("The Alabama Litigation Accountability Act"), which sets forth certain penalties to be assessed against attorneys and/or parties who file civil claims that lack "substantial justification," i.e., that are "frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation." Section 12-19-271(1).
With respect to Cochran's alternative argument, we note that she has cited no portion of the record indicating that Roberts failed to exercise due diligence in taking Fields's deposition; therefore, it does not appear that a reversal is required under the holding in Jones v. Resorcon, Inc., supra. As previously noted, the record indicates that Roberts had difficulty in locating Fields. This, along with the fact that Roberts's first attorney apparently had to withdraw because of a conflict of interests, suggests only the existence of the inevitable delays that routinely occur in civil litigation. Under Rule 56, Ala.R.Civ.P., Cochran bore the burden of making a prima facie showing that Roberts had failed to exercise reasonable diligence in identifying Cochran as a party intended to be sued. She did not meet that burden. See Merritt v. Cosby,578 So.2d 1242 (Ala. 1991).
Because Roberts stated a cause of action against the fictitiously named party in the body of her complaint and because the record supports her claim that she had no knowledge until November 19, 1993, that Cochran was, in fact, a party she intended to sue, the December 10, 1993, amendment to the complaint related back to the date of the original filing and, consequently, the claims stated against Cochran were not barred by the statute of limitations.[3]
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, INGRAM, COOK and BUTTS, JJ., concur.
KENNEDY, J., concurs in the result.
[1] Roberts did not have a negligence cause of action against Cochran. See Ala. Code 1975, § 32-1-2 ("the guest statute").
[2] Roberts did not originally state a claim against the fictitious defendant for damages based on allegations of willful conduct. However, if Cochran was properly substituted for the fictitious defendant named in the complaint, then Roberts's willfulness claim would relate back to the date of the original filing, under Rule 15(c).
[3] We express no opinion as to the logic or merit of Roberts's claims against Cochran. We hold only that the summary judgment was improperly based on the statute of limitations.