848 So.2d 930 (2002)
Robert CROWL
v.
KAYO OIL COMPANY.
1002058.
Supreme Court of Alabama.
October 18, 2002.
*931 Michael E. Auffenorde of Auffenorde & Auffenorde, P.C., Huntsville, for appellant.
D. Edward Starnes III and Jeffrey T. Kelly of Lanier Ford Shaver & Payne, P.C., Huntsville, for appellee.
MADDOX, Retired Justice.
The dispositive issue on this appeal, involving a premises-liability question, is whether the plaintiff, whose complaint asserted claims against several fictitiously named defendants, as permitted by Rule 9(h), Ala. R. Civ. P., exercised "due diligence" to ascertain the name of the appellee in this case, Kayo Oil Company ("Kayo"), so that Kayo could be substituted as a defendant and the substitution of Kayo as a defendant would relate back to the date of the filing of the original complaint under the provisions of Rule 15(c), Ala. R. Civ. P.[1]
The trial court granted a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss *932 filed by Kayo,[2] and because the trial court considered matters outside the pleadings in ruling on Kayo's motion to dismiss, we treat Kayo's motion as a motion for a summary judgment.[3] The judgment was made final by the trial court pursuant to Rule 54(b), Ala. R. Civ. P.; claims against Conoco, Inc., are still pending in the trial court. After carefully considering the arguments of the parties, we find that the trial court did not err in holding that Crowl did not exercise "due diligence" in determining the identity of the fictitiously named defendant; therefore, we affirm the judgment of the trial court.

Facts and Procedural History
On September 11, 1997, Robert Crowl slipped and was injured at a gasoline service station located at 800 Oakwood Avenue in Huntsville. On August 31, 1999, shortly before the two-year statute of limitations for his cause of action would have run, Crowl sued Conoco, Inc., and six fictitiously named defendants, alleging that they had negligently and wantonly failed to maintain the parking lot of the service station. On September 21, 1999, service was attempted by leaving a copy of the summons and complaint and a set of interrogatories at the service station at 800 Oakwood Avenue.[4] On November 17, *933 1999, Crowl filed an application for the entry of default with a supporting affidavit. On April 10, 2000,[5] the trial court entered a default judgment against Conoco, Inc., in the amount of $200,000 together with costs.
On April 6, 2001, Conoco, Inc., filed an answer to the complaint and a Rule 60(b), Ala. R. Civ. P., motion to set aside the default judgment, with supporting affidavits attached.[6] In its Rule 60(b) motion, Conoco, Inc., alleged that the judgment entered on April 10, 2000, was void, and was due to be set aside, because, it said, it did not perform business operations at the service station; it had no ownership interest in the business or real property at the service station; no agent appointed to receive service of process on behalf of Conoco, Inc., was at the station on September 21, 1999, and it had received no notice that an action had been filed. In addition, Conoco, Inc., identified Kayo as the owner of the service station at the time the plaintiff was injured. The motion and affidavits state that Conoco, Inc., and Kayo both first learned of the action on March 19, 2001.
On April 27, 2001, the trial court vacated the judgment it had previously entered against Conoco, Inc.
The trial court, in its order setting aside the default judgment, stated only that "[t]he Court, having considered Defendant Conoco, Inc.'s motion to set aside a default judgment entered by the Court on April 10, 2000, finds that the motion is due to be granted."
*934 We note that in its motion to set aside the default judgment, Conoco, Inc., cited this Court's cases of Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880 (Ala.1983), and Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993) ("One of the requisites of personal jurisdiction over a defendant is `perfected service of process giving notice to the defendant of the suit being brought' [quoting Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d at 884] .... A judgment rendered against a defendant in the absence of personal jurisdiction over the defendant is void."), and Rule 4(c)(6), Ala. R. Civ. P., which provides the manner in which a corporation may be served. In its motion, Conoco, Inc., stated:
"5. Simply leaving the summons and complaint at a location where Conoco branded gasoline is sold is not proper service on Conoco Inc. It is undisputed that no agent authorized by appointment or by law to receive service of process on behalf of Conoco Inc. was present at 800 Oakwood Avenue on September 21, 1999. Exhibit 2. Likewise, 800 Oakwood Avenue is not a usual place of business of Conoco Inc., and no agent of Conoco Inc. was present at 800 Oakwood Avenue on September 21, 1999. The act of leaving the summons and complaint at 800 Oakwood Avenue with an unknown individual does not satisfy Rule [4(c)(6)]."
In its motion to set aside the default judgment, Conoco, Inc., citing Wright v. Rogers, 435 So.2d 90, 91 (Ala.Civ.App.1983), also alleged that "[i]n Alabama, `[s]trict compliance with the Rules of Civil Procedure regarding service of process is required.' " Conoco, Inc., also cited other Alabama and federal cases in which courts held that service of process of an individual connected with or employed by a corporation did not constitute proper service on the corporation.
On May 3, 2001, Crowl filed an amended complaint substituting Kayo as a defendant for the entities originally identified as fictitiously named parties 1, 2, 3, 4, and 5 in the original complaint.[7]
On June 6, 2001, Kayo filed a motion to dismiss and a brief in support of the motion with attached exhibits and affidavits. Kayo argued that Crowl's claims against it were barred by the two-year statute of limitations. In its motion to dismiss, Kayo pointed out that Crowl's amended complaint substituting Kayo for fictitiously named parties was filed in May 2001, over three and one-half years following the accident. Kayo argued in the trial court, and argues to this Court, that the substitution of Kayo for fictitiously named parties should not be allowed to relate back to the date of the filing of the original complaint because, it says, Crowl cannot show that he was ignorant of the true identity of the fictitiously named defendant and that he used due diligence in attempting to discover it. Kayo attached to the motion the affidavit of Charles E. Haygood, the city clerk/treasurer for the City of Huntsville, who stated that his office keeps a listing of current holders of business licenses in the City of Huntsville. He stated in the affidavit that "[i]f a citizen calls and provides the name and address of a business in Huntsville, our office is capable of providing them with the name of the entity which holds the business license." He further stated that in 1997 and 1998 Kayo was the holder of the business license for the gasoline service station located at 800 Oakwood Avenue. Also attached to the motion was *935 a letter from Wayland Cooley, tax assessor for Madison County, and certified copies of property tax records relating to the property in question.

I.
Because we treat this appeal as an appeal from a summary judgment, we first state our standard of review. Recently, in Rosen v. Montgomery Surgical Center, 825 So.2d 735 (Ala.2001), this Court stated:
"Our review of a summary judgment is de novo.
"`In reviewing the disposition of a motion for summary judgment, "we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact," Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was "entitled to a judgment as a matter of law." Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).'

"Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997)."
825 So.2d at 737.

II.
The dispositive issue on this appeal is whether Crowl exercised "due diligence" in ascertaining that Kayo was one of the fictitiously named defendants in his original complaint, as required by the provisions of Rule 9(h), Ala. R. Civ. P., which states:
"When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
Rule 15(c), Ala. R. Civ. P., provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)."
Crowl argues that he exercised "due diligence" in discovering Kayo's identity. In his reply brief to this Court, Crowl's counsel states:
"The correct standard is not whether Crowl discovered the identity of Kayo Oil Company before or after the statute ran or before or after the suit was filed, but rather if [Crowl] utilized due diligence in identifying Conoco, Inc. as a defendant and then in discovering the identity [of] any other potential defendant against whom it has a cause of action after suit has been filed.... Mr. Crowl had no knowledge of a cause of action against Kayo Oil Company until Conoco, Inc. filed affidavits from the *936 Senior Director and President of Kayo Oil Company, William R. Glover[,] stating that Kayo conducted `business operations' at the gas station. [Kayo] does not deny in its brief that at the time he was injured, Mr. Crowl stopped at a Conoco gas station. The gas station provides with prominent signage that it is a Conoco gas station. Conoco, Inc. advertises itself in the phone directory as doing business at 800 Oakwood Avenue. Kayo Oil Company provides no identification of its identity at the premises or in the phone directory.
"Kayo Oil Company does not deny that Mr. Crowl was ignorant of its identity. Since Kayo Oil Company has made no argument that Mr. Crowl was aware of its identity, the issue is whether [Crowl] used due diligence in attempting to discover its identity."
(Crowl's reply brief, pp. 5-6.) Crowl further states in his brief:
"Here, Mr. Crowl instituted discovery which would have identified any other potential defendants at the time of the filing of his lawsuit. This is sufficient under [the law] to meet the requirements of due diligence. After Conoco, Inc. defaulted, Mr. Crowl was unable to pursue further discovery against them because of the defaulting defendant which appeared to refuse to respond. [Kayo] has cited no authority to this Court imposing an additional duty of discovery when a defendant has failed or refused to respond to a complaint. In fact, by its very nature, a defendant prevents such discovery. Although it was later determined that, despite the request of Mr. Crowl to serve the summons by certified mail, the clerk's office used Sheriff's service and the default judgment was set aside. However, this is not the same as failing to use due diligence."
(Crowl's reply brief, p. 9.)
We note that Crowl, in response to the motion to dismiss, attached copies of pages from the Huntsville telephone book for the years 1997 to 2001, both from the "white pages" and the "yellow pages"; these copies show that Conoco was listed as operating a gasoline service station at 800 Oakwood Avenue, Huntsville, Alabama, and that Kayo was not listed. In addition, Crowl attached photographs of the station located at 800 Oakwood Avenue, which clearly show "Conoco" signs on the property. In his response to Kayo's motion to dismiss, Crowl stated:
"The record before [the trial court] indicates that [Crowl] proceeded with reasonable diligence, instituting discovery to be served upon the named defendant [Conoco, Inc.,] with a summons and complaint. The failure of any of the served parties to respond, not the failure of [Crowl] to exercise due diligence, is responsible for any delay presented to the Court. As was pointed out by [Conoco's] counsel in its Motion to set Aside the Default Judgment, which included a supporting affidavit provided by this defendant [Kayo], [Kayo] sold gasoline at the location where [Crowl] was caused to be injured. No other trade name was provided or information revealed to [Crowl] indicating that the named defendant [Conoco, Inc.,] was not the proper party. The length of time from the filing of the complaint to the substitution of the fictitious party defendants was due to the default to the initial lawsuit. No other case has been cited to this court by [Kayo] which would indicate that there was any additional duty when a defendant has failed or refused to respond and a default has been entered."
*937 Kayo argues that Crowl could have made a simple telephone call to the office of the tax assessor for Madison County or that he could have examined the property tax records for the property in question and found that the property was assessed for tax purposes in Kayo's name. Kayo also says that Crowl could have checked with the City of Huntsville and determined the name of the entity that held the business license on the property at which he was injured at the time he was injured. It should be noted that this is a premises-liability suit and that Crowl, in his complaint, described fictitiously named defendant no. 1 as "that entity or those entities who or which are owners of premises located at 800 Oakwood Avenue, NE, Huntsville, Alabama."[8] Kayo further argues that the record does not show that Crowl did anything, much less that he exercised due diligence, to determine its identity.
This Court, in Fulmer v. Clark Equipment Co., 654 So.2d 45, 46 (Ala.1995), discussed the question presented to us. In that case we stated:
"Rule 9(h) and Rule 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must have been ignorant of the true identity of the defendant and must have used due diligence in attempting to discover it. Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992)."
We agree with Kayo's argument that Crowl did not exercise "due diligence" to discover its identity as one of the fictitiously named defendants in Crowl's complaint. In his complaint Crowl described fictitiously named defendant no. 1 as follows: "[W]hether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which are owners of premises located at 800 Oakwood Avenue, NE, Huntsville, Alabama." The record in this case shows that had Crowl examined the property tax records for that property, he would have found that the property had been assessed in Kayo's name.
This Court, in Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992), held that the plaintiff, who had been injured by a blower fan, had not exercised due diligence in determining the identity of a fictitiously named defendant when the plaintiff failed to timely inspect the fan (which had the defendant's name stamped on an identification plate). This Court stated:
"Jones bases much of his argument on the assertion that USX [the owner of the plant at which Jones was employed] refused access to the fan and, to avoid a court-ordered inspection, named Baltimore Aircoil as the manufacturer. It is relevant to the question of due diligence that an inspection of the fan would almost certainly be necessary to maintain the product liability action against any defendant. If Jones's assertions that USX refused access are true, then due diligence would have required an attempt to obtain a court-ordered inspection. The injury occurred on July 1, 1988, and the complaint was filed on May 21, 1990. Jones himself was given access to the fan, apparently in January *938 or February 1991, but there apparently was no effort, after USX's pre-complaint refusal of access, to gain access for an inspection by his attorney or any safety expert. These failures throughout 1990 (and earlier) to inspect the fan in regard to either its manufacturer or its safety features were made more critical by Baltimore Aircoil's answer on July 3, 1990, and especially by its motion for summary judgment filed in December 1990. When Jones did begin efforts in 1991 to determine the true manufacturer, his efforts were sporadic and ineffectual, and he did not amend to state a claim against the true manufacturer until September 17, 1991.
"Therefore, the trial court correctly held that the amendment substituting Resorcon, Inc., does not relate back to the date of the original complaint and that the action against Resorcon is barred by the statute of limitations."
604 So.2d at 373-74. In Bowen v. Cummings, 517 So.2d 617 (Ala.1987), this Court stated:
"First, as this Court stated in Threadgill v. Birmingham Bd. of Ed., 407 So.2d 129 (Ala.1981):
"`[T]he fictitious party provision of Rule 9(h), [Ala. R. Civ. P.], is intended to operate principally in the area of emergency cases where neither the name nor the identity of the defendant is known, as where the cause of action is known but the party liable is not, and there is urgent need to get service of process upon the party against whom the plaintiff has an action, or there is need for immediate seizure of property.'
"407 So.2d at 132. Fictitious party practice should not be abused, and it was not intended for use whenever it is merely inconvenient for the plaintiff to learn the name of the true defendant.
"`Rule 9(h) is not intended to give plaintiffs additional time beyond the statutorily prescribed period within which to formulate causes of action. Instead, the principal reason for the rule is to toll the statute of limitations in emergency cases where plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity. Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978).'

"Columbia Eng'g Int'l, Ltd.[v. Espey, 429 So.2d [955] at 959 [(Ala.1983)]. (Emphasis added [in Bowen].)

"It is clear from the record that the only effort plaintiff made to get the hospital records came four months before the suit was filed, and this effort was unsuccessful. Likewise, the record is clear that plaintiff's attorney never attempted to discover the medical records, although he had written authorization from the plaintiff to do so. Rule 9(h) was not meant to allow a party to sit back for almost two years and make only one attempt at learning the defendant's name, and then, failing, simply to list fictitious defendants. This would work a substantial injustice to the defendant and would violate the purpose behind our discovery statutes and our statutes of limitations."
517 So.2d at 618. In Kinard v. C.A. Kelly & Co., 468 So.2d 133 (Ala.1985), this Court held that a plaintiff's substitution for fictitiously named defendants did not relate back because of the plaintiff's delay in attempting to discover the identity of the defendants. This Court stated:
"The diligent plaintiff who is truly ignorant of the defendant's identity at the time of filing the original complaint is not penalized. The recalcitrant plaintiff cannot, however, use [Rule 9(h)] to gain *939 what might otherwise amount to an open-ended statute of limitations. We opine that the same policy considerations which require a plaintiff to amend his complaint within a reasonable time after learning the defendant's true identity also require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant.
"In this case the plaintiff was injured on August 12, 1979. She filed her action on August 8, 1980, but did not propound interrogatories in an attempt to determine the true identities of the owners until January of 1983. In our opinion, the plaintiff did not act reasonably in waiting for that length of time before attempting to determine the defendants' identities. She should not be allowed, therefore, to substitute them for the fictitious parties named in the complaint."
468 So.2d at 135-36.
Crowl insists that he exercised due diligence; in support of his position he cites Roberts v. Cochran, 656 So.2d 353 (Ala. 1995). In Roberts, this Court held that the plaintiff's amendment did relate back to the date of the filing of the original complaint, where the plaintiff learned information implicating the new defendant in a deposition taken a year after the statutory period of limitations had run. This Court stated:
"After having difficulty in locating Fields and serving him with the complaint, Roberts took Fields's deposition on November 19, 1993. ...
". . . .
"... Although Roberts was aware that Cochran had a duty to operate her automobile so as not to willfully or wantonly injure her, this knowledge, without additional information suggesting a breach of that duty, was insufficient to require Roberts to name Cochran as a defendant before November 19, 1993, when she learned during Fields's deposition that Cochran might have applied her emergency brake instead of her regular brakes. Rule 9(h) was not intended to excuse ignorance of the fact of a cause of action, but it was intended to excuse ignorance of the name of the party against whom a cause of action is stated. Roberts had no information before November 19, 1993, that would have indicated that she had a cause of action against Cochran, and it is the public policy of this state that civil actions are not to be commenced without `substantial justification.' See Ala.Code 1975, § 12-19-270 et seq. (`The Alabama Litigation Accountability Act'), which sets forth certain penalties to be assessed against attorneys and/or parties who file civil claims that lack `substantial justification,' i.e., that are `frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation.' Section 12-19-271(1)."
656 So.2d at 354-55. Although the time periods in question are indeed similar, the plaintiff in Roberts did attempt to serve and depose Fields, who provided the information necessary to determine the identity of the fictitiously named defendant. In addition, the plaintiff originally lacked information that would have required her to name Cochran as a defendant.
In this case, Crowl was injured on September 11, 1997. The statute of limitations for any injury to a person not arising from contract is two years. § 6-2-38, Ala. Code 1975. On August 31, 1999, the plaintiff sued Conoco, Inc., alleging negligence and wantonness. The last day to file an action in this case would be on September 11, 1999. A copy of the summons and *940 complaint and interrogatories were left at 800 Oakwood Avenue on September 21, 1999. Although Crowl filed an application for the entry of default and secured a default judgment against Conoco, Inc., on April 10, 2000, the record is devoid of any evidence of any effort whatsoever on Crowl's part to learn the names of the fictitiously named defendants, although that information could have been obtained from public records or simply by going to the service station where he was injured and asking the manager who owned or leased the property. It appears from the record and from the evidence that Crowl did nothing other than rely on the fact that Conoco owned and operated the gasoline service station because Conoco brand gasoline was sold there, which fact was confirmed by Conoco's listing in the white pages and the yellow pages of telephone directories. It was only after Conoco, Inc., moved the court to set aside the default judgment over a year after it had been entered that Crowl learned that Kayo owned and operated the gasoline service station where he was injured. In Jones v. Resorcon, this Court placed a duty on the plaintiff to inspect the fan. In determining the identity of Kayo as one of the fictitiously named defendants in this case, Crowl could have inspected the tax records to determine who owned or leased the property, or he could have inquired of the managers or employees at the Conoco station as to who owned or leased the property.
Crowl's basic argument seems to be that his lack of knowledge of Kayo's identity resulted from the failure of Conoco, Inc., to answer the interrogatories attached to his complaint, but Rule 9(h) places the duty upon the plaintiff to exercise "due diligence" to identify a fictitiously named defendant.
We recognize that this Court has held, in similar cases involving motor vehicles, that the fact that a party's name is painted in some manner on the motor vehicle that caused the injury raises a presumption or is prima facie evidence that the party whose name is painted on the vehicle owns the vehicle and that the driver was using it on the owner's behalf[9]; however, we do not believe that a plaintiff in a premises-liability action can satisfy the requirements of Rule 9(h), especially when, as here, the facts of who owned or leased the premises could have been so easily ascertained. In Jones v. Resorcon, Inc., supra, Resorcon argued to this Court:
"Resorcon argues that Jones did not exert a reasonable effort in discovering its true identity. Resorcon states in its brief: `It seems incomprehensible that a products liability suit would be filed against a manufacturer of an allegedly defective product without first-hand knowledge of the defect and the identity of the manufacturer.' Resorcon asserts that Jones should not have depended on USX's identification of the manufacturer but should have insisted on inspecting the product and making a personal determination as to the manufacturer's identity. It argues further that, after Jones had notice that Baltimore Aircoil, the manufacturer named by USX, was not the manufacturer, Jones's efforts to discover the manufacturer and to substitute that party as a defendant did not meet the standard of due diligence."
604 So.2d at 373.
In Resorcon, this Court stated that "[i]t is relevant to the question of due diligence that an inspection of the fan would almost certainly be necessary to maintain the product liability action against any defendant." 604 So.2d at 373. It would appear *941 that the same principle should apply in a case involving premises liability and that in such a case it would be relevant to the question of due diligence to ascertain who owned or was responsible for the premises where the injury occurred.
Given the fact that Crowl did nothing to ascertain Kayo's identity for over a year and a half after the expiration of the statute of limitations, other than rely on the facts that Conoco's name was on the premises and that Conoco's name was listed in telephone directories at the address of the premises, we believe that Crowl did not exercise due diligence and that Crowl's amended complaint substituting Kayo for one of the fictitiously named defendants does not relate back to the filing of the original complaint. We hold that the trial court did not err in granting Kayo's motion for a summary judgment.[10]

III.
Crowl also argues that the trial court erred in refusing to allow him to conduct discovery to obtain evidence to use to oppose Kayo's motion. Crowl asserts that he needs to conduct discovery to determine what parties owned or controlled the premises where the accident occurred, because this information "is crucial to the issues of negligence and wantonness." (Brief of appellant, p. 21.) One of the issues presented by this appeal is whether the statutory period of limitations has run on any claim that Crowl might have against Kayo; the law is clear that a request for a continuance pursuant to the provisions of Rule 56(f), Ala. R. Civ. P., was within the sound discretion of the trial court, and that court's decision not to permit discovery should be reversed on appeal only if the court abused its discretion. See Robbins v. Smith, 495 So.2d 577, 581 (Ala. 1986). We do not find that the trial court erred in refusing to grant a continuance to permit Crowl to conduct discovery.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
This opinion was prepared by Retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, BROWN, and STUART, JJ., concur.
LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., dissent.
*942 JOHNSTONE, Justice (dissenting).
I respectfully dissent. I submit that we should reverse the summary judgment in favor of Kayo.
The record reveals no cause whatsoever for a reasonably diligent person to doubt that Conoco owned and operated the gas station. Indeed, Kayo actively and thoroughly disguised the station as a Conoco station. Due diligence does not require a plaintiff to suspect that a defendant has disguised its identity, and the courts should not reward a defendant for disguising its identity.
The case before us is the converse of Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992), cited by the main opinion to support its thesis that the plaintiff now before us failed to exercise due diligence. In Resorcon, the plaintiff failed to inspect the allegedly offending blower-fan and thereby failed to discover the defendant's name stamped on an identification plate. In the case now before us, the plaintiff did inspect the allegedly offending gas station, but all the "identification plates"that is, all of the signage maintained there by Kayoproclaimed the identity of the defendant to be Conoco.
Crowl, the plaintiff now before us, has exercised due diligence. His case is analogous to Roberts v. Cochran, 656 So.2d 353 (Ala.1995), Merritt v. Cosby, 578 So.2d 1242 (Ala.1991), Ex parte FMC Corp., 599 So.2d 592 (Ala.1992), and Ex parte Stover, 663 So.2d 948 (Ala.1995). In each of these cases, this Court concluded that the plaintiff had exercised the requisite due diligence.
LYONS, J., concurs.
HARWOOD, Justice (dissenting).
I dissent. I write to note the pertinence to this case of the following statement from Denney v. Serio, 446 So.2d 7, 11 (Ala.1984):
"Although this Court has refused to apply the relation-back principle to inordinate delays from the time of knowledge of the fictitious party's true identity until actual substitution of the fictitious party's true namesee Walden v. Mineral Equipment Co., 406 So.2d 385 (Ala.1981)(three-year delay too long); Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala.1979) (17-month delay too long)[Kayo] proffered no evidence establishing that [Crowl's] dilatory substitution in fact prejudiced [it]. See generally Ex parte Tidmore, 418 So.2d 866 (Ala.1982)(two-year delay in substituting proper defendant too long where party sought to be added would be prejudiced thereby)."
The record contains no indication that Kayo ever asserted to the trial court that Crowl's delay in substituting Kayo as a named defendant caused it any prejudice other than mere undesired involvement in the case.
LYONS, J., concurs.
NOTES
[1] Crowl, in his complaint, designated the fictitiously named defendants as follows:

"No. 1, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which are owners of premises located at 800 Oakwood Avenue, NE, Huntsville, Alabama; No. 2, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which are lessor of said premises; No. 3, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which are lessees of said premises; No. 4, whether singular or plural, Plaintiff hereby intending to designate that entity or entities who or which provided maintenance and upkeep of said premises; No. 5, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which have any interest in said premises, made the basis of this suit; No. 6, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which exercised control over said premises. Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained."
(Emphasis omitted.)
[2] The trial court's order of July 10, 2001, also granted a motion to dismiss filed by E.I. DuPont De Nemours and Company; that defendant is not a party to this appeal because Crowl appealed only the judgment of the trial court granting Kayo's motion to dismiss.
[3] In its motion to dismiss, Kayo stated that Crowl's complaint was barred by the statute of limitations. In support of its motion to dismiss on that ground, Kayo submitted the following:

"1. The pleadings, discovery, and other materials of record in this cause;
"2. Kayo's memorandum brief and its supporting evidentiary submissions."
In response to Kayo's motion to dismiss, Crowl stated that "[d]efendant's motion, although styled as a Motion to Dismiss, makes reference to `pleadings, discovery, and other materials of record in this cause,' and `its supporting evidentiary submissions,'" and that "[t]herefore, it is in actuality a Motion for Summary Judgment under Rule 56[, Ala. R. Civ. P.]" In this case, the trial court, in ruling on the motion to dismiss, "considered the motions, answer thereto and briefs and arguments of counsel"; because the trial court did not exclude the affidavits and various exhibits, we treat the motion as a motion for a summary judgment. This Court, in Wesson v. McCleave, Roberts, Shields & Green, P.C., 810 So.2d 652 (Ala.2001), stated:
"The trial court granted a motion the defendants had styled as a `motion to dismiss.' However, this court has written:
"`When matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment, Rule 12(b), Ala. R. Civ. P.; this is the case regardless of what the motion has been called or how it was treated by the trial court, Papastefan v. B & L Constr. Co., 356 So.2d 158 (Ala. 1978); Thome v. Odom, 349 So.2d 1126 (Ala.1977).'
"Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala.1997). Because in ruling on the motion the trial court considered the exhibits Wesson had attached to his response to the motion to dismiss, this Court will consider this appeal as an appeal from a summary judgment."
810 So.2d at 655-56. See also Sims v. Lewis, 374 So.2d 298 (Ala.1979).
[4] In his brief to this Court, Crowl states that "[f]iled contemporaneously with the summons and complaint were interrogatories and requests for production." (Crowl's brief, p. 4.) The interrogatories and requests for production, however, do not appear in the record before this Court. See Rule 10(a), Ala. R.App. P., which states:

"The record on appeal, in both civil and criminal appeals, shall not contain the following, unless some particular question is raised with respect thereto and decided in the trial court and unless specifically designated by a party:
". . . .
"(4) pretrial discovery material that is not made a part of the trial court's proceedings."
(Emphasis added.) See also Rule 10(b)(1), Ala. R.App. P., which states:
"A party shall have the right to designate any parts or all of such papers, written charges, documents, exhibits, etc., by a written designation filed with the clerk of the trial court. However, if all of such records are designated, there shall, nevertheless, be omitted therefrom those items listed in [Rule 10(a), Ala. R.App. P., quoted above,] unless such item or items are specifically described in the written designation."
Although the interrogatories and requests for production do not appear in the record, Crowl refers this Court to the docket sheet, which contains the following entry, "S & C TO SHERIFF, DIS," and to a page in Crowl's "Response to Defendant Kayo Oil Company's Motion to Dismiss," where Crowl states:
"[Crowl] specifically filed interrogatories and a request for production to be served on [Kayo] with the summons and complaint. Among other information, the discovery requested the correct name of [Kayo], requested the identity of any person not a named party to this action who acted in such a manner as to cause or contribute to the accident, the identity of the alleged owners of the property and the identity of the persons who managed or controlled the area where [Crowl] was injured."
Kayo itself seems to concede that discovery materials were left with the summons and complaint, because Kayo, in its brief to this Court, states, "Conoco was not properly served with the summons and complaint (and the accompanying discovery materials)." (Kayo's brief, p. 18.) In view of the fact that this case was briefed and argued as if the interrogatories were a part of the record and the fact that the docket sheet clearly reflects that discovery materials were sent to the sheriff for service along with the summons and complaint, and considering the statement in Crowl's opposition to Kayo's motion to dismiss, we decide this case assuming that the interrogatories as described above were included in the material left at 800 Oakwood Avenue, Huntsville, on September 21, 1999. Because the interrogatories are not before this Court, we cannot determine exactly what facts Crowl sought to ascertain, only that he did attempt some discovery.
[5] The default judgment is dated "April 2000." The April 10, 2000, date is found in the trial court's order vacating the default judgment, which is dated April 27, 2001.
[6] Attached to the motion were the affidavits of Bill Owen, "Director, Safety, Health & Environmental, Marketing, North America of Conoco, Inc.," and William R. Grover, senior director and president of Kayo Oil Co.
[7] Crowl also substituted E.I. DuPont De Nemours and Company for fictitiously named parties 1, 2, 5, and 6 in the original complaint.
[8] See note 1 for the designation of fictitiously named defendants 2, 3, 4, and 5 that allegedly describe Kayo.
[9] See Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345 (1955).
[10] Crowl also argues that the trial court erred in granting the motion for a summary judgment because, Crowl says, there were pending interrogatories and requests for production, the answers to which were essential to his case. Crowl's attorney filed an affidavit in which he stated:

"At the time, Robert E. Crowl purchased gasoline from a Conoco gas station. The responsibility [of] these entities for Mr. Crowl's injury may depend not only on ownership, but control and maintenance of the property and written agreements between these defendants.
"Said information is in the control and custody of the defendants and [Crowl] needs responses to his discovery or in the alternative to take depositions in order to determine such information."
Crowl cites Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769 (Ala.1994), and Noble v. McManus, 504 So.2d 248 (Ala.1987). While it is true that in those cases this Court held that summary judgment was not proper because there were outstanding discovery requests, the facts sought by the discovery in those cases were critical to the plaintiffs' cases. In this case, Crowl has failed to show how information in the possession of Conoco, Inc., can possibly shed light on the issue that is the subject of Kayo's motion for a summary judgment; that Crowl did not exercise due diligence in identifying Kayo; and that Crowl's amendment does not relate back to the original complaint. See Copeland v. Samford Univ., 686 So.2d 190 (Ala.1996).