I respectfully dissent. I submit that we should reverse the summary judgment in favor of Kayo.
The record reveals no cause whatsoever for a reasonably diligent person to doubt that Conoco owned and operated the gas station. Indeed, Kayo actively and thoroughly disguised the station as a Conoco station. Due diligence does not require a plaintiff to suspect that a defendant has disguised its identity, and the courts should not reward a defendant for disguising its identity.
The case before us is the converse of Jones v. Resorcon, Inc.,604 So.2d 370 (Ala. 1992), cited by the main opinion to support its thesis that the plaintiff now before us failed to exercise due diligence. In Resorcon, the plaintiff failed to inspect the allegedly offending blower-fan and thereby failed to discover the defendant's name stamped on an identification plate. In the case now before us, the plaintiff did inspect the allegedly offending gas station, but all the "identification plates" — that is, all of the signage maintained there by Kayo — proclaimed the identity of the defendant to be Conoco.
Crowl, the plaintiff now before us, has exercised due diligence. His case is analogous to Roberts v. Cochran, 656 So.2d 353 (Ala. 1995),Merritt v. Cosby, 578 So.2d 1242 (Ala. 1991), Ex parte FMC Corp.,599 So.2d 592 (Ala. 1992), and Ex parte Stover, 663 So.2d 948 (Ala. 1995). In each of these cases, this Court concluded that the plaintiff had exercised the requisite due diligence.
Lyons, J., concurs.