When I authored Roberts v. Cochran, 656 So.2d 353 (Ala. 1995), I was trying to tie the 1987 Alabama Litigation Accountability Act (Ala. Code 1975, §§ 12-19-270 to -276) to this Court's existing Rules of Civil Procedure. If Justice Lyons, the moving force behind the Alabama Rules of Civil Procedure, deems my effort too much of a stretch, I will not disagree. I do recommend that the Standing Committee on Alabama Rules of Civil Procedure consider adopting a rule that would give an attorney or party some relief when the attorney or party, using reasonable diligence, could not discover that the attorney or party had substantial justification for filing a claim against a party or "that person, corporation, or other legal entity whose negligence, wantonness, recklessness, willfulness or other wrongful conduct caused the injury to the Plaintiffs," until after the statutory period of limitations on that claim had run.