SHAW, Justice.
Nicholson Manufacturing Limited (“Nicholson”) petitions this Court for a writ of mandamus directing the Tuscaloosa Circuit C°urt to enter a summary judgment in its favor on the ground that .Gerald A. Templeton’s substitution of Nicholson for a fictitiously named defendant was made after the expiration of the applicable statutory limitations period and does not “relate back” to the filing of the original complaint. We grant the petition and issue the writ.

Facts and Procedural History

On December 31, 2010, Casimiro Deleon Ixcoy died as the result .of injuries sustained at KyKenKee, Inc., a sawmill where he was employed. At this sawmill, logs are cut and, by way of an “in-feed” convey- or, fed into a “debarker” machine that removes the bark from the logs. When the debarking process is complete, the logs are carried on an “out-feed” conveyor to another station, where they are then cut into boards. The conveyors were manufactured by Morbark Industries, Inc.; the debarker machine was manufactured by Nicholson. As Ixcoy was walking through the debarking area, he was struck on the head by a 160-pound log that fell from a conveyor overhead. He died as a result of the injury.
Templeton, the administrator of Ixco/s estate, retained the services of an attorney to investigate any potential wrongful-death claims. On January 5, 2011 — five ' days after the accident — the attorney sent a letter to KyKenKee, demanding that evidence regarding the accident be preserved. Nearly two years later, in December 2012, a second attorney was hired to assist in filing a complaint.
On December 28, 2012, Templeton, through the second attorney, filed a complaint seeking damages for wrongful’death against several named and fictitiously named defendants. Among other things, the complaint alleged that the accident that resulted in Decoy’s death was a result of negligent, wanton, willful, and intentional conduct. Additionally, Templeton sought damages on a products-liability theory.
On January 2, 2013 — two days after the expiration of the two-year statutory limitations period — Templeton filed an amendment to the original complaint seeking to substitute Nicholson, as the manufacturer of the debarker machine, for one of the fictitiously named defendants, claiming that Nicholson was liable as the manufacturer of a defective product. Nicholson filed- an answer and raised the two-year statute of limitations as an affirmative defense.
Subsequently, Nicholson moved for a summary judgment in its favor. It argued that its substitution as a defendant after the expiration of the two-year limitations period did not “relate back” to the date the original complaint was filed and that, therefore, the claims against it were time-barred. In response, Templeton filed an opposition' and requested that the trial court deny Nicholson’s summary-judgment motion. Following a hearing, the trial court denied Nicholson’s motion. Nicholson then petitioned this Court for a writ of mandamus.

Standard of Review

This Court will issue a writ of mandamus when - the petitioner ' shows: “‘(1) a clear legal right to the order sought; (2) an imperative duty "upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’” Ex parte General Motors of Canada Ltd., 144 So.3d 236, 238 (Ala.2013) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001)). This Court generally will not review by a writ of mandamus a trial court’s *513 denial of a motion for a summary judgment unless one of a limited number of exceptions apply. The case before us satisfies one such exception:
“ ‘... In a narrow class of cases involving fictitious parties and the" relation-back doctrine, this Court has reviewed the merits of a trial court’s denial of a summary-judgment motion in which a defendant argued that the plaintiffs claim was barred by the applicable statute of limitations. See Ex parte Snow, 764 So.2d 531 (Ala.1999) (issuing the writ and directing the trial court to enter a summary judgment in favor of the defendant); Ex parte Stover, 663 So.2d 948 (Ala.1995) (reviewing the merits of the trial court’s order denying the defendant’s motion for a summary judgment, but denying the defendant’s petition for a writ of mandamus); Ex parte FMC Corp., 599 So.2d 592 (Ala.1992) (same); Ex parte Klemawesch, 549 So.2d 62, 65 (Ala.1989) (issuing the writ and directing the trial court “to set aside its order denying [the defendant’s] motion to quash service or, in .the alternative, to dismiss, and to enter an order granting the motion”)....’” ;
Ex parte Mobile Infirmary Ass’n, 74 So.3d 424, 427-28 (Ala.2011) (quoting Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000)).

Discussion

The parties do not dispute that a two-year statute of limitations applies to the claims against Nicholson. The accident that resulted in Ixcoy’s death occurred on December 31, 2010; Templeton filed his original complaint on December 28, 2012. The- parties likewise do not dispute that on January 2, 2013 — the date Templeton attempted to amend the complaint to substitute Nicholson for one of the fictitiously named -defendants — the two-year limitations - period had expired.
. Rule .9(h), Ala. R. Civ. P., provides:
“When a party is ignorant of the mame of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when the party’s true name is discovered, the process and all' pleadings and proceedings in the action may be amended by substituting the true name.”
This rule permits a party who- is “ignorant of the name'of an opposing party”- to identify that party by a: fictitious name. Once the true name of the opposing party is discovered, the party may amend the pleadings 'to substitute that true name. Rulé 15(c)(4), Ala. R. Civ. P., provides that such an amendment shall “relate[ ] back to the date of the original pleading when .. relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).”
“Howevér, the relation back principle applies only'when the' plaintiff ‘is .ignorant of the name of an opposing party.’ Rule 9(h); Harmon v. Blackwood, 623 So.2d 726, 727 (Ala.1993) (‘In order to invoke the relation-back principles of Rule 9(h) and Rule 15(c), a plaintiff must . V. be ignorant of the identity of that .defendant....’); Marsh v. Wenzel, 732 So.2d 985 (Ala.1998).”
Ex parte General Motors, 144 So.3d at 239.
“ ‘The requirement that the plaintiff •be ignorant of the identity of the fictitiously named party has been generally explained as follows: “The correct test is whether the plaintiff knew, or.should have knoum, or was on notice, that the substituted defendants were in fact the parties described fictitiously.” Davis v. Mims, 510 So.2d 227, 229 (Ala. 1987)....’”
Ex parte Mobile Infirmary, 74 So.3d at 429 (quoting Crawford v. Sundback, 678 *514 So.2d 1057, 1060 (Ala.1996)(emphasis added)).
In addition to being ignorant of the fictitiously named party’s identity, the plaintiff has a duty to exercise “due diligence” in identifying such.a defendant. Ex parte Mobile Infirmary, 74 So.3d at 429; Crawl v. Kayo Oil Co., 848 So.2d 930, 940 (Ala.2002). It is incumbent upon the plaintiff to -exercise due diligence both before and after the filing of the complaint. Ex parte Ismail, 78 So.3d 399 (Ala.2011). Only if the plaintiff has acted with due diligence in discovering the true identity of a fictitiously named defendant will an amendment substituting such a party relate back to the filing of the original complaint. Ex parte Mobile Infirmary, 74 So.3d at 429. Therefore, if at the time the complaint is filed, a plaintiff knows the identity of the fictitiously named party or should have discovered that party’s identity, relation back is not permitted and the running of the statute of limitations is not tolled:
“[A]n amendment substituting a new defendant in place, of a fictitiously named defendant .will relate back to the filing of the original complaint only if the plaintiff acted with ‘due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.’ Ignorance of the new defendant’s identity is no excuse if the plaintiff should have known the identity of that defendant when the complaint was filed....”
74 So.3d at 429 (quoting Ex parte Snow, 764 So.2d 531, 537 (Ala.1999)(emphasis added)).
' Nicholson argues that Templeton did not act with' due diligence in attempting to discover its identity because, it says, Tem-pleton should have known when he filed the original complaint that Nicholson manufactured the debarker machine. Specifically, Nicholson argues that Templeton failed to recognize that both a sheriffs incident report and a Department of Labor decision and order issued following the accident identified Nicholson as the manufacturer of the debarker machine. With its summary-judgment motion below, Nicholson provided a copy of the incident report, which included multiple photographs of the debarker machine on which was posted a clearly legible label stating “NICHOLSON.” Further, Nicholson also provided a copy of a November 13, 2012, Department of Labor decision and order discussing the accident that resulted in Ixcoy’s death and identifying, within the inspection-summary section, the equipment allegedly involved in the accident as a “Nicholson” debarker machine. Nicholson thus argues that Templeton had sufficient and readily available sources of information to lead to the discovery of its identity.
In Ex parte Mobile Infirmary, supra, the plaintiff filed a wrongful-death action against an entity he identified in the complaint as Infirmary Health Systems, Inc., which had allegedly treated the decedent. 74 So.3d at 427. After the statutory limitations period had run, the plaintiff attempted to substitute Mobile Infirmary Association (“Mobile Infirmary”) for a fictitiously named defendant. Id. In deciding whether the substitution related back to the filing >of the original complaint, we stated:
“The evidence attached to Mobile Infirmary’s summary-judgment motion indicates that [the plaintiff] ■ did not act with due diligence. When he filed the original complaint, [the decedent’s] family had possessed her medical records for 20 months, and [the plaintiff] had possessed [the decedent’s] medical records for at least 3 months, including various paperwork from Mobile Infirmary, which indicated that [the decedent] had been admitted to the [Mobile Infiiv mary] Medical Center, had undergone *515 surgery there, and had been treated there following her surgery. A reasonably diligent plaintiff possessing, that information should have at least attempted to identify the. corporation doing business as Mobile Infirmary Medical Center and include it as a defendant. See Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995) (holding that where plaintiff knew the allegedly defective forklift was manufactured by ‘Clark’ and possessed forklift manuals providing Clark’s name but did not attempt to amend the complaint until after the limitations period had run, the plaintiff ‘did not act diligently in attempting to' learn Clark Equipmént’s identity’). As this Court has said,
“ ‘[i]f the plaintiff knows the identity of the fictitiously named parties or possesses sufficient facts to lead to the discovery of iheir identity at the time of the filing of the complaint, relation back under fictitious party practice is not permitted and the running of the limitations period is not tolled.’
“Clay v. Walden Joint Venture, 611 So.2d 254, 256 (Ala.1992).”
74 So.3d at 429-80 (emphasis added). See Marsh v. Wenzel, 782 So.2d 985, 990 (Ala.1998) (holding that one could not reasonably conclude that a plaintiff was ignorant of the name of her pathologist when the pathologist was identified by name in the plaintiff’s medical records).
Like the plaintiff in Mobile Infirmary, Templeton had access to information that would have led him to discover the identity of the manufacturer of the de-barker machine: photographs included in the incident report clearly showing' the “NICHOLSON” label on the debarker machine and the Department of Labor decision and order identifying Nicholson as the manufacturer of the debarker machine. Templeton argues, however, that he was not actually in possession of the incident report at the time the complaint was filed and, nevertheless, that he acted with due diligence in investigating and discovering Nicholson’s identity. Specifically, he argues' that his current counsel did not receive copies of the incident report until after the statute of limitations had run. He also contends that the Department of Labor decision and order does not provide proper notice because, he says, it is “unsigned” and “non-final.” Lastly, he argues that his current, counsel had been denied access to inspect the accident site and, therefore, was prohibited from identifying ■ the manufacturer of the debarker machine.
The materials before us demonstrate that the incident report containing the photographs of the Nicholson debarker machine had been available to the public since September 2011.[1] Further, despite the fact that the Department of Labor decision and order, available since November 13, 20Í2, was neither final nor signed, it nevertheless identifies Nicholson as the manufacturer of the debarker machine. Both sources would have led to the discovery of Nicholson’s identity with the exercise of due diligence.
- It is true that at the time of filing the complaint Templeton was not in possession of the incident report. However, simply lacking information that discloses an unidentified defendant does not necessarily excuse the failure to • exercise due diligence. In Crowl, supra, the plaintiff, Growl, was injured when he slipped and fell at a gasoline-service station. 848 So.2d at 932. He attempted to initiate an action against the owner of the gasoline-service station; after the statute df limitations had run, Growl discovered the name of, and attempted to substitute for a ficti *516 tiously named defendant, the actual owner of the service station, Kayo Oil Company. 848 So.2d at 933-34. This Court held that Crowl had failed to exercise due diligence because Crowl did nothing to ascertain Kayo Oil’s identity before the statutory limitations period expired. Id. at 937. Specifically, we stated.that the identity of Kayo Oil could have been ascertained..by requesting and reviewing the publicly available property-tax records. Id.
■ The circumstances' surrounding the discovery of Nicholson’s identity are analogous to those in Crowl: The incident report had been available for nearly 15 months and the Department of Labor decision and order had been available for nearly 2 months before the expiration of the statutory limitations period. Consequently, Templeton, like the plaintiff in Crowl, could have easily obtained those, documents before filing, the complaint.[2] , The documents are products of standard investigations into a work-site-related death. Due diligence in identifying an unknown defendant.should lead a party to seek out and to consult readily and publicly available documents of importance regarding a standard investigation of an accident forming the basis of a claim. Crowl, supra. See also Ex parte Nationwide Ins. Co., 991 So.2d 1287, 1291 (Ala.2008) (finding that the substitution of a defendant for a fictitiously named party does not relate back when the plaintiff could have discovered the insurer’s identity by, among other things, reviewing an accident report). The fact that Templeton was not in possession of both documents is the result of a failure to exercise due diligence in attempting-to discover Nicholson’s identity.
Furthermore, we note that the evidence in this case discloses that the debarker machine is labeled with the name of its manufacturer. In a products-liability action, a party cannot claim ignorance of the identity of the manufacturer of the product — the very subject of the lawsuit — when a simple inspection of that most crucial piece of evidence would have revealed the name of the manufacturer, which is clearly stated on the allegedly defective product itself. Ex parte General Motors, 144 So.3d at 239 (holding' that the plaintiff failed to exercise due diligence to learn the identity of an automobile manufacturer because, among other things, no inspection of the automobile was undertaken that would have discovered a label identifying the manufacturer required by federal regulations); Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995)(holding that exercising due diligence would have revealed the name of the forklift manufacturer, which was clearly stated on the identification plate on the forklift); and Jones v. Resorcon, Inc., 604 So.2d 370, 373 (Ala.1992) (holding that the plaintiff failed to exercise due diligence by not inspecting the allegedly defective blower fan labeled with the .manufacturer’s name).
Templeton argues that he was denied access to the accident site in December 2012 and was thus prevented from discovering Nicholson’s identity. However, the refusal of access to inspect an allegedly defective product that is the subject of a products-liability action, this Court has previously held, does not necessarily excuse the failure to examine it to learn the identity of the manufacturer:
*517 “It is relevant to the question of due diligence that an inspection -of the fan would almost certainly be necessary to maintain the product liability action against, awy defendant. If Jones’s assertions that USX refused access are true, then due diligence would have required an attempt to obtain a court-ordered inspection.”
Jones, 604 So.2d at 373 (emphasis' added).
In the instant case, as in Jones, Temple-ton — in the two years following the accident — could have. requested a court-ordered inspection of the equipment forming the basis of the defective-product claim. Unlike Jones, however, other information that would have revealed the name of the manufacturer of the debarker machine was readily available and ascertainable from two other sources — the incident report and the Department of Labor decision and order — both of which were available to the public. Therefore, Templeton’s failure to ascertain this information amounts to a lack of due diligence in identifying Nicholson as the manufacturer. See Crowl, 848 So.2d at 937.
Because Templeton failed tb' act with due diligence in discovering the identity of the fictitiously named defendant, the trial court had no discretion other than to grant Nicholson’s motion for a summary judgment in its favor on the statute-of-limitations ground.'[3] For the foregoing reasons, we grant Nicholson’s petition and issue a writ of mandamus directing the Tuscaloosa Circuit Court to enter an order granting Nicholson’s motion for a summary judgment. ' '
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C. J., dissents.

. Templeton did not request a copy until De-cember2012.

. Indeed, Templeton’s counsel states in an affidavit that the photographs in the incident ' report gave him the ihfb'rmation necessary to file the amended' complaint substituting Nicholson for a fictitiously named defendant. That information was available some 15 months before the complaint was filed, and copies of the report had previously been requested by other attorneys/Iaw firms and by the Occupational Safety and Health Administration.

. Templeton argues that his current counsel was hired shortly before the expiration of the statutory limitations period and acted as diligently as possible during that short time. However, as Nicholson notes, the duty to exercise due diligence is the party’s, and Templeton had almost two years to discover Nicholson’s identity. We see no' authority excusing a party’s duty to exercise due diligence when new counsel is acquired at the eve of the expiration of the statutory limitations period. Cf. Ex parte General Motors, 144 So.3d at 241.