# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID L. HAMILTON and  )
JUDY HAMILTON,  )
    )
    Plaintiffs,  )
    )
    v.  )
    )   C.A. No. N18C-03-156 CEB
MPB CORPORATION d/b/a TIMKEN  )
SUPER PRECISION, a Delaware  )
Corporation, ET AL.,  )
    )
    Defendants.  )

Submitted: July 24, 2019
Decided: October 25, 2019

## MEMORANDUM OPINION

*Upon consideration of MPB Corporation d/b/a TIMKEN's
Motion to Dismiss Plaintiffs Complaint*
**DENIED**

Jason D. Warren, Esquire, SHELSBY & LEONI, P.A., Wilmington, Delaware. Keith L. Maynard, Esquire, Spohrer & Dodd, P.L., Jacksonville, Florida. Attorneys for Plaintiffs.

Christian J. Singewald, Esquire and Christopher S. Marques, WHITE AND WILLIAMS LLP, Wilmington, Delaware. Attorneys for Defendant, MPB Corporation d/b/a Timken Super Precision.

**BUTLER, J.**

## FACTUAL BACKGROUND

The Complaint in this case arises from near fatal injuries resulting from a helicopter mishap in Dothan, Alabama.[1] It is alleged that Plaintiff David Hamilton was a civilian flight instructor on a helicopter manufactured or maintained by one or more of the Defendants. While on a training flight, the helicopter suffered an engine failure and was force landed with some injury to Mr. Hamilton.[2]

It is further alleged that this mishap occurred while Plaintiff Hamilton was conducting training of two servicemen who were also in the helicopter when it malfunctioned.[3] Because the helicopter was owned by the U.S. Army, the Army undertook an investigation into the cause of the accident and determined that the helicopter failed because of a failure of the internal drive bearing within the power turbine governor.[4] It is alleged that Defendants Honeywell and Rolls Royce knew of the possibility of failure of these parts and issued safety bulletins prescribing remediation of the problem.[5] Finally, it is alleged that other crash safety features of

---

[1] The facts for purposes of this motion are taken from Plaintiff's Complaint and Second Amended Complaint, filed as docket entry nos. 1 and 94. The original grounds stated in the Complaint have not changed and the Second Amended Complaint does nothing but add Defendant MPB Corporation d/b/a TIMKEN as a Defendant.
[2] D.I 1 at 2.
[3] *Id.*
[4] *Id.*
[5] *Id.*

the helicopter failed to deploy during the emergency, exacerbating Plaintiff's injuries.[6]

## PROCEDURAL HISTORY

Plaintiffs filed their original Complaint on March 16, 2018 about one week before the two-year anniversary of the crash.[7] The original Complaint named multiple parties and "Fictitious Defendants 1-30" as Defendants.[8]

On May 9, 2018, Plaintiffs amended the Complaint to add Defendant Kansas Aviation of Independence, LLC, whom Plaintiffs allege is the company that performed an overhaul of the drive bearing and power turbine governor on the subject helicopter.[9] In all other respects, the Complaints are the same.

Neither the original Complaint nor the Amended Complaint named MPB Corporation d/b/a Timken Super Precision ("Timken") as a Defendant. Rather, some eight months later, Plaintiffs sought leave to file a Second Amended Complaint naming Timken.[10] The allegation against Timken is that it was identified by Defendant Honeywell as the company that manufactured the drive bearing in the

---

[6] *Id.* at 15, 16.
[7] D.I. 1 at 1.
[8] *Id.*
[9] D.I. 11 at 1.
[10] D.I. 94 at 1.

power turbine governor that failed during the flight.[11] In all other respects, the Second Amended Complaint repeats the allegations of the previous versions.[12]

Without opposition, Plaintiffs' motion to file the Second Amended Complaint was granted.[13] Defendant Timken then filed the instant motion to dismiss the Second Amended Complaint, which has been fully briefed and is now before the Court.[14]

For purposes of completing the procedural history, I should note here that Defendant Honeywell has filed a cross-claim against Defendant Timken, and Timken has filed a claim for contribution and/or indemnification from Defendant Honeywell.[15] It would appear, therefore, that Timken's motion to dismiss the Plaintiff's Second Amended Complaint will not have the effect of dismissing the action as to Timken as it will nonetheless be required to remain in the case to sort out its rights and liabilities with respect to Honeywell.

---

[11] *Id.* at 3.

[12] There is a Third Amended Complaint, filed on January 29, 2019 that is in all material respects a copy of the Second Amended Complaint except that it adds Timken as a Defendant in a general negligence count of the Complaint. As Defendant Timken has moved to dismiss the Second Amended Complaint under the relation back doctrine of Rule 15, the Third Amended Complaint does nothing to cure the alleged defect of the Second Amended Complaint. D.I. 97.

[13] D.I. 93.

[14] D.I. 108.

[15] D.I. 112 and D.I. 118.

## PARTIES' POSITIONS

### A. Defendant's Position

In Delaware, the statute of limitations for an action for personal injuries is 2 years from the date the cause of action accrues.[16] The Amended Complaint naming Timken was filed well after the statute ran, and no facts are alleged that would toll the statute. Moreover, the Amended Complaint does not relate back to the filing of the original Complaint under D.R.C.P. Rule 15 because it fails under Rule 15(c), which requires that:

> 1. The claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading
> 2. The party to be brought in by an amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and
> 3. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The first mention of Timken is in Plaintiffs' Motion for Leave of Court to amend the Complaint, filed in December 2018, some 300 days after the running of the statute of limitations.[17] Timken represents that a Defendant (Honeywell) did advise Timken of the existence of the lawsuit in November 2018, but even this informal notice is well beyond expiration of the statute of limitations, even as

---

[16] 10 Del. C. §8107.
[17] D.I. 84.

4

extended by 120 days to account for service of process.[18] Plaintiffs' failure to do their research and know of Timken as a potential defendant is not a mistake concerning the identity of a party that D.R.C.P. Rule 15 was designed to ameliorate and Timken had no reason to know that but for a mistake, it would have been named.

## B. Plaintiffs' Position

Plaintiffs urge that Alabama's 2-year statute of limitations applies, not Delaware's.[19] Unlike Delaware, Alabama law permits the use of fictitious defendants as a place holder for later named defendants.[20] Because the crash and resultant injuries all occurred in Alabama, applying Delaware's choice of law rules, the Court should apply Alabama law.[21]

In the alternative, if the Court applies Delaware's relation back rule, Plaintiffs at a minimum seek to conduct limited discovery into when and how Timken knew or should have known that, but for a mistake concerning the identity of the proper party, it would have been named as a defendant.[22]

---

[18] *See* D. R. Civ. P. Rule 4(h)

[19] D.I. 113 at 6.

[20] *See* Al. St. RCP Rule 9(h): *Fictitious parties.* "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."

[21] D.I. 113 at 6.

[22] *Id.* at 5.

Plaintiffs advise that the crash was investigated by the U.S. Army and Plaintiffs were limited in the information they were able to glean from the Army's redacted investigation.[23] Apparently Timken and Honeywell have a close business relationship and Plaintiffs suspect that Timken had notice of the crash quite early on.[24]

Plaintiffs note that the Court previously issued a stay of all discovery at the request of the then existent parties while they entered into settlement discussions.[25] Therefore, Plaintiffs repudiate any claim of prejudice as to Timken.[26]

## ANALYSIS

### A. Alabama law applies

The first point worth recalling is that this complaint involves a helicopter mishap in Alabama.[27] The helicopter was owned by the U.S. Army and housed at Fort Rucker, Alabama.[28] The Plaintiffs are residents of Alabama.[29] Each of the Defendants were incorporated in Delaware, but save for its state of incorporation, Delaware has no relationship to the parties or the cause of action.[30]

---

[23] *Id.* at 4.
[24] *Id.* at 3.
[25] *Id.*
[26] D.I. 113 at 3.
[27] *Id.* at 4.
[28] D.I. 1 at 3.
[29] *Id.* at 4, 5.
[30] *Id.* 5–7.

Our Supreme Court has said "When plaintiffs choose not to sue in the place where they were injured or where they live, or even in the jurisdiction whose law they contend applies, but instead in a jurisdiction with no connection to the litigation, our trial courts should be extremely cautious not to intrude on the legitimate interests of other sovereign states."[31] The Restatement (Second), Conflict of Laws §146 provides that in personal injury actions,

> [T]he local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

We see from the above that the presumption is that the law of Alabama will apply. Defendants have not pointed to any "more significant relationship" to Delaware that would make application of Delaware law more compelling.

## B. Alabama's statute of limitations applies

Timken says that under Delaware's "borrowing statute,"[32] courts only look to the law of the foreign jurisdiction if there is a conflict between the statute of limitations of the forum state and the foreign state, and applies the shorter of the

---

[31] *Bell Helicopter Textron, Inc. v. Arteaga,* 113 A.3d 1045, 1051–52 (Del. 2015).
[32] 10 Del. C. §8121.

two.[33] There is no conflict between Delaware and Alabama in that they both apply a 2-year statute of limitations.[34] Alabama law is inapplicable.

Timken's argument assumes that the borrowing statute is implicated in this case, an assumption the Court cannot abide. Rather, there is no "shorter" statute of limitations as between Alabama and Delaware and therefore nothing to sort out as between the two of them. The borrowing statute is of no aid in this analysis.

### C.    Alabama's law of relation back applies

Delaware Rule of Civil Procedure Rule 15(c)(1) states that an amendment of a pleading "relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations." Here, the law that provides the statute of limitations is the law of Alabama, the place where the crash occurred. So, the question whether the amendment adding Timken to the complaint relates back must be judged under Alabama law.

### D.    Relation back under Alabama law

Alabama Rule of Civil Procedure 15 differs from D.R.C.P. Rule 15 in that it permits relation back of amended pleadings by "principles applicable to fictitious

---

[33] *Pack v. Beech Aircraft Corp.,* 132 A.2d 54, 58 (Del. 1957).
[34] *Compare* 10 Del. C. §8119 (2 years for personal injuries) *with* Ala Code, §6-2-38(l) (2 years for injury to the person).

8

party practice pursuant to Rule 9(h)."[35] Alabama's Rule 9(h) in turn provides for fictitious party practice as follows:

> "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."

Here, the original Complaint alleged fault by parties involved in the design, manufacture and repair of the helicopter and its component parts that Plaintiffs believe to be the source of the helicopter failure.[36] The Complaint thus named those Defendants that Plaintiffs could identify as well as numerous "John Doe" parties involved in the design, manufacture and repair of the helicopter whose identities were then unknown to Plaintiffs. Plaintiffs plead, in effect, that they know some of these parties and they know that others exist, they just do not know their names.

### E.    Alabama's fictitious name practice applies

Fictitious name practice differs significantly from Delaware (and federal rules) practice in that it allows amendment upon discovery of new parties after the statute of limitations has run, regardless of notice or prejudice to the new party. One

---

[35] Ala. R. Civ. P. 15(c)(4).

[36] D.I. 97 at 4.

9

might ask: how is the policy of statutes of limitations enforced if parties can add defendants when they are discovered throughout the litigation? Doesn't such an approach reward the lazy plaintiff who can simply name multiple fictitious defendants and figure out fault at his leisure, identifying unwary defendants long after the statute has run, thus undermining the very purpose of statutes of limitation?

The answer is that plaintiffs offering a new party substitute for a fictitious defendant must demonstrate that the new party's identity was unknown at the time of filing, not readily knowable and that the plaintiff exercised due diligence in learning the identity of the newly named defendant.[37]

In this case, Defendants' primary argument is that Delaware law applies to both the statute of limitations and the issue of relation back.[38] The Court having rejected that argument, Defendant's alternative argument is that if Alabama law

---

[37] An example of this practice might be found in *Ex Parte Nicholson Mfg., Ltd.*, 182 So.3d 510 (Ala. 2015). In that case, a man died as a result of a sawmill injury. Unsure of the manufacturer of what plaintiff believed to be defective product, he filed his complaint within the statute of limitations, naming additional "John Doe" defendants. After the statute had run, he amended it to include the newly discovered manufacturer. The manufacturer moved to dismiss on the basis of the statute of limitations. In this particular case, dismissal was granted for failure of the plaintiff to use due diligence in learning defendant's identity. *Compare Ex parte VEL, LLC*, 225 So.3d 591 (Ala. 2016) (relation back not permitted where no due diligence shown) *with Oliver v. Woodward*, 824 So. 2d 693, 698 (Ala. 2011) (due diligence shown, amended complaint relates back).
[38] D.I. 117 at 2.

applies, Plaintiffs failed to satisfy the due diligence requirement in that they could have filed the claim long before the statute of limitations expired and failed to prosecute the case in a timely manner.[39] On the other hand, Plaintiffs make a compelling case of their efforts to identify the potentially responsible parties.[40]

### F. Plaintiff exercised due diligence in identifying Timken as a Defendant

The difficulty in identifying Timken as the internal drive bearing manufacturer stems from the accident itself and where it happened. This was a civilian contractor operating a military owned helicopter on a military base. The helicopter had undergone substantial refurbishing using civilian parts, apparently civilian contracted repairs and then was returned to military use. Some of those parts may have been involved in the failure that caused the crash. The accident was not investigated by the FAA or the NTSB.[41] It was investigated by the military, which took control of the crash site and the helicopter.[42] So getting information for Plaintiffs' civil lawsuit was subject to the priority the military placed on putative civil litigants. Perhaps we can say it was not "mission-critical." Plaintiffs detailed a laborious task in getting even a redacted accident report from the military and an

---

[39] *Id.* at 4.
[40] D.I. 113 Ex. B.
[41] D.I. 97 at 3.
[42] *Id.*

11

equally laborious task in attempting to identify the parts manufacturers of the Honeywell engine that allegedly failed.

Plaintiff's counsel outlined the difficulty at oral argument. The information had to be obtained through the Army's JAG office, not the actual crash investigators. Plaintiffs filed "*Touhy*" requests as well as FOIA requests with the JAG office, but it was not clear exactly which JAG office had clearance authority.[43] Ultimately, the Army gave Plaintiffs' counsel a heavily redacted report. Meanwhile, Plaintiff's counsel was doing an "open source" investigation, attempting to locate the relevant parts and repair schedule for the helicopter. Apparently, the military uses a "cage code" that allows any number of manufacturers to produce a particular part. The power turbine governor and the drive bearing share a similar serial number. Counsel learned that the power turbine governor had failed in these helicopters owned by the Navy. But the manufacturer of specific component parts are only identified in Army manuals by code, not by manufacturer. Indeed, it was not until September of 2017 that the Army finally identified the drive bearing as the likely cause of the mishap, but the Army still did not identify the manufacturer.

---

[43] *See generally U.S. ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951). A "*Touhy*" request is directed to government agencies seeking information concerning the agency's actions with respect to a particular issue that is subject to private litigation not involving the government. *See, e.g., Southeastern Pennsylvania Transp. Auth. v. Orrstown Fin. Serv., Inc.,* 367 F. Supp. 3d 267 (M.D. Pa. 2019).

The one party that would know who made a particular component for Honeywell was Honeywell itself. And indeed, it was Honeywell that identified Timken as the manufacturer, but only after Honeywell had been named in the suit and was attempting to mediate an early resolution. Timken was approved to make the part, but it was designed by Honeywell. Plaintiff named Timken in an Amended Complaint quickly after Honeywell identified Timken as the manufacturer of the internal drive bearing.[44]

The Court's analysis of due diligence is informed by the Third Circuit opinion in *DeRienzo v. Harvard Industries, Inc.*[45] DeRienzo was a Marine injured in a helicopter training exercise involving a rocket-firing device. He brought a diversity action in federal court in New Jersey, a state permitting fictitious defendant name practice.[46] Pursuant to multiple FOIA requests, the defective part was identified as LAU-10 but no manufacturing information was provided.[47] A further round of FOIA requests yielded a response that misidentified the maker of the part.[48] Further discovery and depositions eventually revealed the misidentification, resulting in the actual manufacturer getting served 14 months after the statute of limitations had

---

[44] D.I. 94.
[45] 357 F.3d 348 (3d Cir. 2004).
[46] *Id.* at 349.
[47] *Id.* at 350.
[48] *Id.* at 355.

expired.[49] The Third Circuit reversed a finding of no due diligence and found instead that plaintiff had undertaken many steps to get the information he sought from the military but was stymied numerous times in his efforts.[50] While one might always suppose there was something else that might have been done, the standard of due diligence does not require perfect hindsight.

In this case, the military provided a severely redacted report and never identified Timken or any other manufacturer. Timken manufactured an internal part of a larger unit that was manufactured by another and placed in a helicopter that was built by yet another. The crash happened on an Army base that was investigated by the Army that was not immediately forthcoming with information about the details of the mishap. The Court is satisfied that Plaintiffs did not sit by waiting for information but pursued the cause and identity of the manufacturer with due diligence.

## CONCLUSION

Once a party has identified the fictitious party and amended the pleadings to reflect the true identity, and demonstrated due diligence in learning the identity of the fictitious party, the amended complaint adding the newly discovered party is held to relate back to the original filing, thus satisfying any complaints that the statute of

---

[49] *Id.* at 352.
[50] *Id.* at 356–57.

limitations has expired against the newly named party. Upon consideration of the discussion above, the Court finds that Plaintiffs have met this burden and therefore the Amended Complaint naming Timken may proceed and the motion to dismiss is **DENIED.**

**IT IS SO ORDERED**.

Judge Charles E. Butler